[No. A067877. First Dist., Div. Two. Mar. 26, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL RAY STOFLE, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

†The above referenced opinion is certified for publication with the exception of the following parts: Uncharged-acts evidence; Pre-enactment "strikes"; Separation of powers; Vagueness of punishment; Concurrent terms as double punishment; Five-year enhancement; Dual use of prior as double punishment; and Urgency measure validity.

## COUNSEL

Manuel E. Nestle, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, and Catherine A. Rivlin, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

SMITH, J.—Michael Ray Stofle was charged by information with two counts of lewd and lascivious conduct with a child under the age of fourteen (Pen. Code, § 288, subd. (a))[1] and two counts of annoying or molesting a child under eighteen (§ 647.6), with allegations of two 1989 lewd act convictions (§ 288, subd. (a)) as prior "strikes" under the legislative version of three strikes (§ 667, subds. (b)-(i)). A jury found him guilty of one lewd act and one molest count, each regarding two-year-old Sara K. (counts III and IV), but deadlocked as to the two other counts, regarding eight-year-old Shawnte A. (counts I and II). In bifurcated trial to the court, the priors were found true (§§ 667, subds. (a), (d) and (e), 667.51, subd. (a)). Stofle appeals following his sentence to two concurrent terms of twenty-five years to life.

All four counts concerned events of May 6, 1994, when Stofle attended a day-long party and gathering of relatives at a cousin's cabin. Present were a couple, Jeff (Stofle's cousin) and Dee Dee, and their four children—Sara and Shawnte included. All were to spend the night there, and the children and some adults were sleeping on the cabin floor. Sometime after 9 p.m., Jeff and Dee Dee got into an argument. Jeff walked out, and Dee Dee went out to look for him. Stofle helped look briefly but then went back to the cabin.

When Jeff and Dee Dee later returned together to the cabin, they found everyone inside apparently asleep and Stofle lying on the floor next to two-year-old Sara. Dee Dee had dressed Sara in a nightgown and panties and zipped up her "Barney" sleeping bag all the way, but Stofle's blanket now covered them both. Jeff, concerned because he heard that Stofle had molested a young girl in the past, had Dee Dee go and check on Sara. She did and, when she pulled the blanket back, saw that Sara's sleeping bag was unzipped all the way, her panties were pulled down to midthigh and her buttocks were exposed. When she reached down to pick Sara up, her right hand felt Stofle's erect penis next to the child's buttocks, and Dee Dee saw

---

[1]All further section references are to the Penal Code unless otherwise indicated.

that his jeans fly was opened. She "freaked," picked Sara up quickly, ran into the bedroom and told Jeff.

That was the basis for the two charges which the jury sustained. Not sustained were the two regarding eight-year-old Shawnte, who came to Jeff afterward and told him that while he and Dee Dee were outside the cabin, Stofle had come to her, told her, "Your dad said for me to give you a goodnight kiss," and then "French kissed" her and rubbed her bottom. Dee Dee summoned police, who interviewed Shawnte and arrested Stofle.

Under a limiting instruction confining its use to show common design or plan, jurors learned that Stofle had in May 1988 molested a six-year-old girl, Sara D., in similar circumstances, by kissing her and placing his hand between her legs, possibly penetrating her vagina with his finger. Those acts led to Stofle's 1989 prior "strikes" (for offenses of May 3 and 4, 1988), but jurors were not told this or that he had been convicted.

## DISCUSSION

### Uncharged-acts evidence*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

### Pre-enactment "strikes"*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

### Separation of powers*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

### Vagueness of punishment*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

### Vagueness of credits

■ Under a separate heading, Stofle argues that subdivision (c)(5) of section 667, in limiting in-prison credits to "one-fifth of the total term,"[3] is void for vagueness because it fails to "specify[] how this limitation is to be applied . . . ." He argues that there are "at least three, equally reasonable[,]

---

*See footnote, ante, page 417.

[3]"(c)Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following:

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

methods of applying the limitation" and that any method chosen by the Department of Correction to implement the provision would be "arbitrary" and "discriminatory" as likely to affect unspecified "certain prisoners" "more adversely" than others. The Attorney General responds: (1) the claim "is not yet ripe" since Stofle had not yet been granted or denied credits by the time of judgment and had many years to go before reaching his minimum eligible parole date (MEPD); (2) Stofle lacks standing to raise hypothetical situations which he posits; and (3) the subject credits do not apply to him—a "third strike" defendant sentenced to an indeterminate as opposed to determinate term. Without deciding ripeness, we find the latter two points dispositive. Stofle does not show that the credits limitation is fatally vague in all situations, and he is thus limited to an as-applied challenge to those aspects affecting his own case. (*People* v. *Sipe* (1995) 36 Cal.App.4th 468, 480-481 [42 Cal.Rptr.2d 266].) His problem, we agree, is that the limitation simply does not apply to the indeterminate term which he received.

Subdivision (c)(5) of section 667 refers to "credits awarded pursuant to" section 2930 et seq. (fn. 3, *ante*), and the parties agree that the relevant section in that article is section 2933. That section does allow credits greater than the one-fifth limitation, but it expressly applies to persons sentenced to state prison "under Section 1170" (§ 2933, subd. (a)), which by its terms applies to "determinate sentences" (§ 1170, subd. (a)). Stofle's term of 25 years to life is *indeterminate* (see § 669), and he offers no reply to this analysis as offered in the respondent's brief. Anticipating a reply which never came, the Attorney General correctly notes that the Penal Code does specially allow credits to apply in some indeterminate life terms with parole minimums. This is done by a clear statement that the credits "shall apply to reduce any minimum term" specified in that subdivision or section (see, e.g., §§ 190, subds. (a) and (c), 217.1, subd. (b), 667.51, subd. (d), 667.61, subd. (j), 667.7, subd. (a)(1), 667.71, subd. (b), 667.72, subd. (b); 667.75, and 2933.1, subd. (b); but see *People* v. *Jenkins* (1995) 10 Cal.4th 234, 247 [40 Cal.Rptr.2d 903, 893 P.2d 1224] [for reasons of intent and to avoid absurd results, construing § 667.7 as limiting murderers to § 190 credits]), and effectively allows an earlier MEPD. However, the statement regarding credits in three strikes is different. It does not say that the credits "shall apply" to any specified life or minimum term; it simply limits "[t]he total amount of credits awarded," without mention of indeterminate terms (fn. 3, *ante*). In these circumstances, we must apply the general rule that release on parole is barred until a specified minimum term has elapsed (§ 3046). The credit limitation is not vague as to Stofle's sentence.

---

"(5) The total amount of credits awarded pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison." (§ 667, subd. (c)(5).)

*Concurrent terms as double punishment\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

*Five-year enhancement\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

*Dual use of prior as double punishment\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

*Urgency measure validity\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## Disposition

The judgment is modified (1) to stay execution of the term of 25 years to life imposed on count IV, such stay to become permanent when service of sentence under count III is completed (*In re Adams* (1975) 14 Cal.3d 629, 637 [122 Cal.Rptr. 73, 536 P.2d 473]), and (2) to impose an additional 5 years for the found-true enhancement allegation of prior serious felony conviction (§ 667, subd. (a)(1)). As so modified, the judgment is affirmed. Because the addition of the mandatory five-year enhancement term may alter the superior court's determination of the propriety of the total length of sentence (cf. *People* v. *Burns* (1984) 158 Cal.App.3d 1178, 1181-1184 [205 Cal.Rptr. 356]), the cause is remanded to that court for the purpose of entertaining any application which Stofle may make, within thirty days of the finality of this opinion, for the superior court to exercise any discretion it may have to strike a prior "strike" on the motion of counsel or on its own motion in the furtherance of justice under section 1385 (*People* v. *Superior Court (Romero)* (S045097), argued and submitted Apr. 2, 1996†).

Kline, P. J., and Phelan, J., concurred.

A petition for a rehearing was denied April 25, 1996, and appellant's petition for review by the Supreme Court was denied June 19, 1996.

---

*See footnote, *ante*, page 417.
†Reporter's Note: For Supreme Court opinion see 13 Cal.4th 497.