TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

---

|  | : |  |
| --- | --- | --- |
| OPINION | : | No. 99-322 |
|  | : |  |
| of | : | December 22, 1999 |
|  | : |  |
| BILL LOCKYER | : |  |
| Attorney General | : |  |
|  | : |  |
| GREGORY L. GONOT | : |  |
| Deputy Attorney General | : |  |
|  | : |  |

---

THE CALIFORNIA BOARD OF PRISON TERMS has requested an opinion on the following question:

If a prisoner is sentenced to life imprisonment under the provisions of Penal Code section 667.7 as a habitual offender and is not eligible for release on parole for 20 years, does the 20-year period constitute the "minimum term" for purposes of applying credits earned pursuant to Penal Code sections 2930-2935?

CONCLUSION

If a prisoner is sentenced to life imprisonment under the provisions of Penal Code section 667.7 as a habitual offender and is not eligible for release on parole for 20 years, the 20-year period constitutes the "minimum term" for purposes of applying credits earned pursuant to Penal Code sections 2930-2935.

ANALYSIS

Penal Code section 667.7 [1] provides in relevant part:

"(a) Any person convicted of a felony in which the person inflicted great bodily injury . . . who has served two or more prior separate prison terms . . .for the crime of murder; attempted murder . . . or any felony punishable by death or life imprisonment with or without the possibility of parole is a habitual offender and shall be punished as follows:

"(1) A person who served two prior separate prison terms shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 20 years, or the term determined by the court . . . or any period prescribed by Section 190 or 3046, whichever is greatest. Article 2.5 . . . shall apply to reduce any minimum term in a state prison imposed pursuant to this section, but the person shall not otherwise be released on parole prior to that time."[2]

"Article 2.5" is comprised of sections 2930-2935 and allows credits to be earned on a term of imprisonment for good behavior and participation in prison programs and assignments (§ 2931) and for performance in work, training, or vocational training programs (§ 2933) under specified conditions.

The question presented for resolution concerns a person who has been sentenced to life imprisonment under the provisions of section 667.7 as a habitual offender and is not "eligible for release on parole for 20 years." Such a person is entitled to earn credits under sections 2930-2935, but what is the "minimum term" to which the credits are to be applied pursuant to section 667.7, subdivision (a)(1)? Even though the person is to be imprisoned "for life," we conclude that the 20-year parole ineligibility period constitutes the "minimum term" for purposes of applying any credits earned.

Preliminarily, we note that the Legislature enacted section 667.7 in 1981 (Stats. 1981, ch. 1108, § 1) "to provide a distinct and more severe sentencing scheme for violent habitual offenders." (*People* v. *Jenkins* (1995) 10 Cal.4th 234, 243.) In almost all cases, however, this self-contained sentencing scheme (see *People* v. *Jenkins*, *supra*, 10

---

[1] All references hereafter to the Penal Code are by section number only.

[2] Section 190 prescribes the punishment for murder, and section 3046 imposes conditions of parole upon those imprisoned under a life sentence.

Cal.4th at 241-249) has been supplanted by the Three Strikes law (§ 667, subds. (b)-(i)), which now applies "[n]otwithstanding any other law" (§ 667, subd. (c)). We are informed that approximately 100 state prisoners are still subject to the provisions of section 667.7 as habitual offenders.

In 70 Ops.Cal.Atty.Gen. 49, 57 (1987), we found it unnecessary to answer the question presented here as to what would be the "minimum term" for someone sentenced to imprisonment for life but eligible for parole after 20 years pursuant to section 667.7. Since our 1987 opinion, the courts have examined the Three Strikes law, enacted in 1994, in a manner that provides assistance in interpreting section 667.7. We now answer the question left undecided in our 1987 opinion based in part upon recent court decisions in the related Three Strikes area.

Under California law, most felonies carry a "determinate" prison sentence consisting of a specific number of years in prison. The sentencing court determines the length of confinement, and the "term" is the period of confinement prior to release on parole. (*People* v. *Jefferson* (1999) 21 Cal.4th 86, 92-95.)

In contrast, section 667.7 provides an "indeterminate" prison sentence of "life" with the Board of Prison Terms exercising discretion in determining when to grant parole. The time of actual confinement is not set by the sentencing court. Some indeterminate sentences expressly include a minimum prison term such as "15 years to life" or "25 years to life." (*People* v. *Jefferson*, *supra,* 21 Cal.4th at 92.) However, section 667.7 does not contain such a minimum term. (*Id.*, at pp. 92-93.) In indeterminate sentencing cases, the period of parole is normally considered to be part of the "term" during which the state continues to have jurisdiction over the prisoner. (*Id.*, at p. 95.)

How, then, can section 667.7 be interpreted in a manner that would allow a person sentenced to "life" imprisonment to earn credits on a "minimum term"? We have no doubt that everyone sentenced pursuant to section 667.7 is entitled to earn credits under the plain language of the statute. (*People* v. *Jenkins, supra*, 10 Cal.4th at 244-247.) In determining how this may be accomplished, we look to well recognized principles of statutory interpretation.

"To interpret statutory language, we must 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.]" (*California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632.) "Our first step [in determining the Legislature's intent] is to scrutinize the actual words of the statute, giving them a plan and commonsense meaning. [Citations.]" (*People* v. *Valladoli* (1996) 13 Cal.4th 590, 597.) "In construing a statute, a court may consider the

consequences that would follow from a particular construction and will not readily imply an unreasonable legislative purpose. Therefore, a practical construction is preferred. [Citation.]" (*California Correctional Peace Officers Assn.* v. *State Personnel Bd.* (1995) 10 Cal.4th 1133, 1147.) "In analyzing statutory language, we seek to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislative purpose . . . ." (*Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1159.) "[T]he various parts of the statutory enactment must be harmonized by considering the particular clause in the context of the whole statute. [Citations.]" (*Nunn* v. *State of California* (1984) 35 Cal.3d 616, 625.)

Applying these rules of construction, we find that the 20-year parole ineligibility period must be considered the "minimum term" to which the credits may be applied. Such construction of section 667.7 gives meaning to all the words and phrases of the statute and effectuates the apparent intent of the Legislature in granting credit eligibility to those persons sentenced under the provisions of the statute. No other "minimum term" may reasonably be found in the language of section 667.7.

Two courts have made passing references to section 667.7's provisions in a manner that supports our interpretation. In *People* v. *Jenkins*, *supra,* 10 Cal.4th 234, the Supreme Court referred to "section 667.7's threshold of a 20-year minimum term." (*Id.*, at pp. 243-244.) In *People* v. *Stofle* (1996) 45 Cal.App.4th 417, 421, the court stated:

> ". . . [T]he Attorney General correctly notes that the Penal Code does specially allow credits to apply in some indeterminate life terms with parole minimums. This is done by a clear statement that the credits 'shall apply to reduce any minimum term' specified in that subdivision or section (see, e.g., §§ . . . 667.7, subd. (a)(1) . . .) and effectively allows an earlier [minimum eligible parole date] . . . ."

While the statements in these cases may be considered dicta (see *Trope* v. *Katz* (1995) 11 Cal.4th 274, 275; *Kyle* v. *Carmon* (1999) 71 Cal.App.4th 901, 912, fn.10; *Hubbard* v. *Superior Court* (1997) 66 Cal.App.4th 1163, 1168-1169), we believe they correctly reflect the intent of the Legislature in characterizing the 20-year parole ineligibility period of section 667.7 as a "minimum term" for purposes of applying the credit provisions of sections 2930-2935.

We thus conclude that if a prisoner is sentenced to life imprisonment under the provisions of section 667.7 as a habitual offender and is not eligible for release on parole for 20 years, the 20-year period constitutes the "minimum term" for purposes of applying credits pursuant to sections 2930-2935.

*****

4                                                                                    99-322