**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEAN C. FISHER, | No. 08-16747 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-02217-MCE-KJM |
| v. | |
| DIRECTOR OF CDC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Sean C. Fisher, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of his

First and Fourteenth Amendment rights and negligence under state law. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Fisher's motion for oral argument is denied.

jurisdiction under 28 U.S.C. § 1291.  We review the district court's dismissal under 28 U.S.C. § 1915A rather than its later dismissal under Federal Rule of Civil Procedure 41(b), because Fisher filed a notice stating that he intended to stand on his amended complaint.  *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004).  We review de novo.  *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir. 2003).  We affirm in part, vacate in part, and remand.

The district court properly dismissed Fisher's due process claim to the extent it challenges defendants' responses to his prison grievances.  *See id*. at 860 ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure").  However, the district court did not address Fisher's claims that he was denied access to the grievance system and was retaliated against for exercising his First Amendment rights.  On remand, the district court should address these claims.  *See Brodheim v. Cry*, 584 F.3d 1262, 1269-73 (9th Cir. 2009) (explaining that prisoners have a First Amendment right to file prison grievances, and discussing a First Amendment retaliation claim); *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) ("[P]risoners may . . . base retaliation claims on harms that would not raise due process concerns.").

The district court concluded that some of Fisher's claims were barred under *Edwards v. Balisok*, 520 U.S. 641 (1997).  However, a decision in Fisher's favor

would not necessarily imply the invalidity of his sentence or conviction. *See Wilkinson v. Dotson*, 544 U.S. 74, 80-82 (2005) (explaining that a prisoner may bring a section 1983 claim if success in the action would not necessarily invalidate the sentence or the conviction); *In re Cervera*, 16 P.3d 176, 180-81 (Cal. 2001) (holding that good time credits cannot be used to reduce an indeterminate life sentence under California's three-strikes law).

The complaint was also not subject to dismissal under Rule 8(a) because it is not too long, and clearly sets forth the facts, claims, and defendants against whom the claims are made. *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008).

Accordingly, we affirm in part on the due process claim to the extent it challenges defendants' responses to Fisher's grievances, and vacate in part and remand for further proceedings on Fisher's remaining claims.

Fisher shall bear his own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**