
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD J. WILSON, | No. 12-55505 |
| Petitioner-Appellant, | D.C. No. 2:11-cv-04735-ABC-AN |
| v. | |
| STUART SHERMAN, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted September 2, 2016**
Pasadena, California

Before: SILVERMAN, IKUTA, and WATFORD, Circuit Judges.

Petitioner Gerald Wilson appeals from the district court's dismissal of his

pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have

jurisdiction under 28 U.S.C. §§ 1291 and 2253(c), and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

In his habeas petition, Wilson claims that the California Department of Corrections and Rehabilitation (CDCR) violated the Ex Post Facto Clause of the United States Constitution, U.S. Const. art. I, § 9, cl. 3, when it ceased granting Wilson prison credits pursuant to the decisions in *People v Stofle*, 45 Cal. App. 4th 417 (Cal. Ct. App. 1996), and *In re Cervera*, 24 Cal. 4th 1073 (2001). Wilson could have discovered the change in CDCR's calculation of prison credits, the factual predicate of his claim, through the exercise of due diligence earlier than one year before he filed his state habeas petition on December 7, 2009. During the period from October 13, 1995, through at least December 25, 2009, California law required the CDCR to calculate an inmate's prison credits and forward the new legal status summary sheet to the inmate. Cal. Code. Regs. tit. 15, § 3043(c)(2)(B) (current Oct. 13, 1995); *id.* § 3043(c)(5)(B) (current Dec. 25, 2009). In the absence of evidence to the contrary, we presume the CDCR did so. *See Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007) (administrative agencies are entitled to a presumption that they follow the relevant regulations absent evidence to the contrary).

Here, the record includes a summary sheet of Wilson's credit calculation prepared by CDCR staff, dated December 5, 2007, demonstrating that Wilson was no longer earning credits after *Stofle*. Although Wilson claims that he did not

receive this particular summary sheet, he does not claim that he could not have obtained one or more of the summary sheets calculated by the CDCR in the 13 years between the decision in *Stofle* and when he requested and was given his credit information in 2009. *See* Cal. Code Regs. tit. 15 § 3370(c) (2016) ("Inmates . . . may review their own case records file . . . ."). Nor does Wilson allege that he requested information regarding his prison credits at any time during this period. *See Quezada v. Scribner*, 611 F.3d 1165, 1168 (9th Cir. 2010) (reasonable diligence demonstrated where petitioner requested information but was not answered). Accordingly, Wilson did not exercise reasonable due diligence to discover the factual predicate of his claim.

"The statute of limitations begins to run under § 2244(d)(1)(D) when the factual predicate of a claim 'could have been discovered through the exercise of due diligence,' not when it actually was discovered," *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(1)(D)). We conclude that the factual predicate for Wilson's ex post facto claim could have been discovered with the exercise of due diligence earlier than one year before he filed his state habeas petition on December 7, 2009. Therefore, Wilson is also not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) for the period in which his December 7, 2009, state petition was under consideration and before he filed his

3

federal habeas petition on December 21, 2010. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). The district court therefore did not err in concluding that Wilson's petition was barred by the statute of limitations.

Further, the district court did not abuse its discretion in declining to hold an evidentiary hearing on Wilson's claim, because, even if Wilson's petition had been timely and his factual allegations true, Wilson is not entitled to relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010); *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001) ("A habeas petitioner is entitled to an evidentiary hearing if . . . the allegations in his petition would, if proved, entitle him to relief."). The CDCR altered its calculation of prison credits to comply with the state courts' interpretation of the relevant state statute, and the Supreme Court held that it "has long been settled by the constitutional text and our own decisions: that the *Ex Post Facto* Clause does not apply to judicial decisionmaking." *Rogers v. Tennessee*, 532 U.S. 451, 462 (2001); *see also id.* at 456.

**AFFIRMED.**

4