[No. B141709. Second Dist., Div. Five. June 14, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
JULIO CESAR SALAS, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the except for parts III.A., the heading for part III.B., and the entirety of part III.C.

COUNSEL

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William T. Harter, Victoria B. Wilson, and Michael R. Johnsen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

TURNER, P. J.—

## I. INTRODUCTION

Defendant, Julio Cesar Salas, appeals from his convictions after a jury trial for attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a)) and conspiracy to commit murder. (§ 182, subd. (a)(1).) The jury also found that the attempted murder was willful, deliberate, and premeditated; the crime was committed for the benefit of, at the direction of, and in association with, a criminal street gang; and a principal personally used and intentionally discharged a firearm in the attempted commission of the murder. (§§ 186.22, subd. (b)(1), 12022.53, subds. (b), (c), (d), & (e)(1), 12022.5, subd. (a)(1).) There was no finding defendant personally used a firearm. In the published portion of the opinion, we discuss whether defendant is subject to the 15-year minimum term set forth in section 186.22, subdivision (b)(5) for attempted willful, deliberate, and premeditated murder. Section 12022.53, subdivision (e)(2) defines when a defendant in a gang-related case where a firearm is used may be subject to a 15-year minimum parole eligibility date. We conclude defendant is subject to the seven-year minimum parole eligibility date in section 3046, subdivision (a)(1). (§ 12022.53, subd. (e)(2).) In reaching this conclusion, it is necessary to evaluate the interplay of sections 186.22, subdivision (b)(5) and 12022.53, subdivision (e).

## II. THE FACTS

We view the evidence in a light most favorable to the judgment. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 [99 S.Ct. 2781, 2789, 61 L.Ed.2d 560]; *People v. Osband* (1996) 13 Cal.4th 622, 690 [55 Cal.Rptr.2d 26, 919 P.2d 640]; *Taylor v. Stainer* (9th Cir. 1994) 31 F.3d 907, 908-909.) On March 7, 1999, defendant, a member of a gang, and two other individuals were riding in a blue Cadillac. They drove near a party held by another gang. As Robert Aguilar, a "former" member of the other gang, got out of his car, the driver

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

of the Cadillac and his two passengers alighted from their automobile. The Cadillac driver fired several shots at Mr. Aguilar. Mr. Aguilar was shot and later underwent surgery. Defendant and his two companions got into the Cadillac and fled. Los Angeles Police Officer Curtis Morton heard the gunshots. He saw the blue Cadillac and began to follow it. When the blue Cadillac collided with a street corner, two passengers got out and ran away. Defendant was arrested. Defendant was the registered owner of the Cadillac.

There was no unequivocal direct evidence as to the identity of the person who actually fired the shots that struck Mr. Aguilar. Mr. Aguilar testified as to the identity of the person who fired the shots as follows: "The driver. The driver got out and had the gun that I saw." Defendant was the driver of the Cadillac involved in the short pursuit, after Mr. Aguilar was shot, which ended in an accident. No gun was found inside the Cadillac after defendant's arrest. As noted previously, two other individuals jumped out of the Cadillac and fled at the conclusion of the brief police pursuit. When interviewed by the police, defendant stated that one of the passengers in the Cadillac fired at the rival gang members, hitting Mr. Aguilar.

### III. DISCUSSION

### A.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

■ We asked the parties to brief the issue of whether the 15-year minimum parole eligibility term specified in section 186.22, subdivision (b)(5) may be applied to defendant's conviction for willful, deliberate, and premeditated attempted murder. In count 1, defendant was charged with attempted willful, deliberate, and premeditated murder within the meaning of section 664, subdivision (a).[2] Additionally, it was alleged the attempted murder was committed for the benefit of, at the direction of, and in association with, a criminal street gang within the meaning of section 186.22, subdivision (b)(1).[3] Further, it was alleged that a principal in the offense, the attempted willful, deliberate, and premeditated murder, personally and intentionally discharged a firearm. (§ 12022.53, subds. (b), (c), (d), & (e)(1).)

---

*See footnote, *ante*, page 1275.

[2]Section 664, subdivision (a) states in relevant part: "(a) If the crime attempted is punishable by imprisonment in the state prison, the person guilty of the attempt shall be punished by imprisonment in the state prison for one-half the term of imprisonment prescribed upon a conviction of the offense attempted. However, if the crime attempted is willful, deliberate, and premeditated murder, as defined in Section 189, the person guilty of that attempt shall be punished by imprisonment in the state prison for life with the possibility of parole."

[3]Section 186.22, subdivision (b)(1) states: "Except as provided in paragraph (4) and (5), any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in

Finally, it was alleged a principal personally used a firearm within the meaning of section 12022.5, subdivision (a)(1).

The jury was never instructed that defendant must personally use a firearm in order for any enhancement to be returned. Rather, the jury was instructed only that a "principal" must use a firearm. The jury was instructed as follows: "It is alleged in Count 1 that a principal intentionally and personally discharged a firearm and proximately caused great bodily injury to Robert Aguilar. [¶] If you find defendant Salas guilty of the crime charged, you must determine whether a principal intentionally and personally discharged a firearm and proximately caused great bodily injury to Robert Aguilar. [¶] The word 'firearm' includes a handgun. [¶] Great Bodily Injury in this section means a significant or substantial physical injury. Minor, trivial, or moderate injuries do not constitute great bodily injury. Great bodily injury is proximately caused by the discharge of a firearm if it is a direct, natural, and probable consequence of the discharge of the firearm, and if, without the discharge the firearm, great bodily injury would not have occurred. [¶] The People have the burden of proving the truth of this allegation. If you have a reasonable doubt that it is true, you must find it to be not true."

The jurors never found defendant personally used a firearm. Rather, the jury findings concerning firearm use were as follows: "We further find the allegation that in the commission and attempted commission of the above offense that a principal personally and intentionally discharged a firearm, to wit: a handgun, which proximately caused great bodily injury to ROBERT AGUILAR, within the meaning of Penal Code Section 12022.53(d) and (e)(1) to be True. [¶] We further find the allegation that in the commission and attempted commission of the above offense that a principal personally and intentionally discharged a firearm, to wit: a handgun, within the meaning of Penal Code Section 12022.53(c) and (e)(1) to be True. [¶] We further find the allegation that in the commission and attempted commission of the above offense that a principal personally used a firearm, to wit: a handgun, within the meaning of Penal Code Sections 12022.5(a)(1) and 12022.53(b) and (e)(1) to be True."

In terms of the count 2 conspiracy findings, the jurors found four alleged overt acts to be true. The findings were as follows: "That defendant Julio Salas agreed with co-suspects, fellow . . . gang members to do a drive-by on rival . . . gangmembers"; "That defendant Julio Salas drove with armed

addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of two, three, or four years at the court's discretion, except that if the felony is a serious felony, as defined in subdivision (c) of Section 1192.7, the person shall be punished by an additional term of five years. If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years."

co-suspects into rival [gang] territory"; "That defendant stopped his car in rival [gang] territory at the direction of co-suspects"; and "That co-suspects shot a rival . . . gangmember, hitting Robert Aguilar." There was no finding that defendant personally used a firearm within the meaning of section 12022.5, subdivision (a)(1).

The trial court sentenced defendant as follows as to count 1. For willful, deliberate, and premeditated attempted murder, defendant received a life sentence. (§ 664, subd. (a).) Pursuant to section 186.22, subdivision (b)(5), the trial court ordered defendant serve a minimum 15-year term before he could be paroled. Additionally, as to count 1, the court imposed a consecutive term of 25 years to life for firearm use pursuant to section 12022.53, subdivision (d). Defendant also received a sentence for conspiracy to commit murder as charged in count 2. The sentence under count 2 was stayed pursuant to section 654, subdivision (a). Defendant argues the section 186.22, subdivision (b)(5) 15-year minimum term was improperly imposed as to count 1. We agree.

Section 186.22, subdivisions (b)(1) and (5) state in pertinent part: "Except as provided in paragraph (4) and (5), any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of two, three, or four years at the court's discretion, except that if the felony is a serious felony, as defined in subdivision (c) of Section 1192.7, the person shall be punished by an additional term of five years. If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years. [¶] . . . [¶] (5) Except as provided in paragraph (4), any person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life, shall not be paroled until a minimum of 15 calendar years have been served." The effect of section 186.22, subdivision (b)(5) is to increase the minimum parole eligibility date on a willful, deliberate, and premeditated attempted murder sentence. Absent a determination the accused is subject to the enhanced sentencing provisions of section 186.22 or some other provision of law, a sentence for willful, deliberate, and premeditated murder is for a life term with a minimum wait for parole of seven years. (§ 3046, subd. (a)(1).)[4] However, once a finding pursuant to section 186.22, subdivision (b)(5) is

[4]Section 3046, subdivision (a) states: "No prisoner imprisoned under a life sentence may be paroled until he or she has served the greater of the following: [¶] (1) A term of at least seven calendar years. [¶] (2) A term as established pursuant to any other provision of law that

returned, the minimum wait for parole eligibility under a life sentence is increased to 15 years. (See *People v. Jefferson* (1999) 21 Cal.4th 86, 90 [86 Cal.Rptr.2d 893, 980 P.2d 441]; *People v. Herrera* (1999) 70 Cal.App.4th 1456, 1465 [83 Cal.Rptr.2d 307]; *People v. Ortiz* (1997) 57 Cal.App.4th 480, 485-486 [67 Cal.Rptr.2d 126].)

Defendant is correct in his assertion that since he was never found to have *personally* used a firearm, the section 186.22, subdivision (b)(5) 15-year minimum parole eligibility term is inapplicable to this case. This is because of the provisions of section 12022.53, subdivision (e), which state: "(1) The enhancements specified in this section shall apply to any person charged as a principal in the commission of an offense that includes an allegation pursuant to this section when a violation of both this section and subdivision (b) of Section 186.22 are pled and proved. [¶] (2) An enhancement for participation in a criminal street gang pursuant to Chapter 11 (commencing with Section 186.20) of Title 7 of Part 1, shall not be imposed on a person in addition to an enhancement imposed pursuant to this subdivision, unless the person personally used or personally discharged a firearm in the commission of the offense." Section 12022.53, subdivision (e)(1) increases the scope of potential liability for firearm use in a case where there is a finding pursuant to section 186.22. (See *People v. Gonzales* (2001) 87 Cal.App.4th 1, 14-15 [104 Cal.Rptr.2d 247].) Section 12022.53, subdivision (e)(1) extends potential liability under the firearm enhancement when the accused, in a gang case, does not personally use the weapon. Section 12022.53, subdivision (b) requires the imposition of a 10-year term when the accused "personally used a firearm." Section 12022.53, subdivision (c) requires the imposition of a 20-year term in state prison when the defendant "intentionally and personally discharged a firearm." Section 12022.53, subdivision (d), the firearm use provision applicable to the present case, requires the imposition of a 25-year-to-life sentence consecutive to that imposed for the underlying felony when the accused "personally discharged a firearm and proximally caused great bodily injury . . . or death." Section 12022.53, subdivision (e)(1) creates an exception to the *personal* use requirement of section 12022.53, subdivisions (b) through (d) in a prosecution where findings have been made pursuant to section 186.22, such as occurred in this case. In a case where section 186.22 has been found to be applicable, in order for section 12022.53 to apply, it is necessary only for a principal, not the accused, in the commission of the underlying felony to personally use the firearm; *personal* firearm use by the accused is not required under these specific circumstances. However, as a consequence of this expanded liability under section 12022.53, subdivision (e), the Legislature has determined to

---

establishes a minimum term or minimum period of confinement under a life sentence before eligibility for parole."

preclude the imposition of an additional enhancement under section 186.22 in a gang case unless the accused *personally* used the firearm. In the present case, the jury never found that defendant personally used a firearm. The only findings made by the jury were that a principal in the commission of the offense personally used a firearm. Therefore, section 12022.53, subdivision (e)(2) prevents the imposition of the 15-year minimum term specified in section 186.22, subdivision (b)(5).

The Attorney General argues that we should remand for a limited retrial on the issue of whether defendant personally used a firearm. By contrast, defendant argues that the prosecution has waived the right to a finding of personal firearm·use. Prior to instructing the jury, a conference was held concerning instructions. No instructions were proposed concerning personal firearm use. The trial court asked both counsel if they had any objections to the proposed instructions. Both the prosecutor and defense counsel answered in the negative. A discussion was then held concerning the verdict forms. As noted previously, none of the verdict forms referred to personal firearm use by defendant. The trial court asked both the prosecutor and defense counsel if they had any objections to verdict forms. Again, both the prosecutor and defense counsel answered in the negative. Thus, without objection from the prosecutor, the jury was asked only to determine if "a principal," not defendant, "personally" discharged a firearm. Further, at no time did the deputy district attorney raise the issue of personal firearm use prior to the imposition of judgment.

■ Defendant argues that the prosecution has waived the right to secure a personal firearm use finding. We agree. In *People v. Najera* (1972) 8 Cal.3d 504, 508-512 [105 Cal.Rptr. 345, 503 P.2d 1353], disapproved on another ground in *People v. Wiley* (1995) 9 Cal.4th 580, 587-588 [38 Cal.Rptr.2d 347, 889 P.2d 541], the prosecution never requested an instruction concerning section 12022.5 personal firearm use. The Supreme Court concluded that the failure of the prosecutor to have sought an instruction concerning section 12022.5 personal firearm use constituted waiver of the issue. The court concluded, "We conclude that the People waived the application of section 12022.5 by failing to have the matter resolved at trial." (*Najera, supra,* 8 Cal.3d at p. 512.) *Najera* relied upon *People v. Spencer* (1972) 22 Cal.App.3d 786, 801 [99 Cal.Rptr. 681], which likewise held that the failure of the prosecutor to seek instruction on firearm use waived the issue in terms of the effort of the Attorney General on appeal to secure a limited retrial on that issue. Later, in *People v. Belcher* (1974) 11 Cal.3d 91, 102, footnote 15 [113 Cal.Rptr. 1, 520 P.2d 385], the Supreme Court described its prior holding in *Najera* and the conclusion of the Court of Appeal in *Spencer* as follows: "Contrast *People v. Najera, supra,* 8 Cal.3d at pp. 509-510, and *People v. Spencer*[, *supra,*] 22 Cal.App.3d [at p.] 801

. . . , in which the People waived the application of section 12022.5 by failing to take steps at trial to secure verdicts stating the applicability of that section." This waiver analysis is consistent with other California Supreme Court decisions requiring prompt objections in order to raise issues on appeal. (*People v. Tillman* (2000) 22 Cal.4th 300, 303 [92 Cal.Rptr.2d 741, 992 P.2d 1109] [prosecutorial failure to request § 1202.4, subd. (b)(1) restitution fine in trial court precludes consideration of issue on appeal]; *People v. Dennis* (1998) 17 Cal.4th 468, 521 [71 Cal.Rptr.2d 680, 950 P.2d 1035] [defendant "made *no objections* . . . to the asserted misconduct" (original italics)]; *People* v. *Alvarez* (1996) 14 Cal.4th 155, 186 [58 Cal.Rptr.2d 385, 926 P.2d 365] [Sixth Amendment confrontation claim].) Therefore, the judgment must be modified to reflect that defendant is subject to the seven-year minimum parole eligibility date in section 3046, subdivision (a)(1). Given our waiver analysis, we need not address the issue of the application of *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 [120 S.Ct. 2348, 2363, 147 L.Ed.2d 435] to a prosecutorial right to a limited retrial in connection with an enhancement relating to the commission of the crime as distinguished from a prior conviction allegation and the effect on *People v. Wiley, supra*, 9 Cal.4th at pages 589-592, and *People v. Wims* (1995) 10 Cal.4th 293, 307-309 [41 Cal.Rptr.2d 241, 895 P.2d 77].

### C.   *Abstract of Judgment**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## IV.   DISPOSITION

That portion of the judgment which imposes a 15-year minimum parole eligibility date pursuant to Penal Code section 186.22, subdivision (b)(5) is reversed. The judgment is to be modified to reflect that defendant is subject to a seven-year minimum parole eligibility date pursuant to Penal Code section 3046, subdivision (a)(1). The judgment is affirmed in all other respects. The clerk of superior court is to prepare a corrected abstract of judgment which accurately reflects the sentence imposed by the trial court including those matters described in part III.C of this opinion.

Grignon, J., and Willhite, J.,† concurred.

A petition for a rehearing was denied July 16, 2001, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied November 14, 2001.

---

*See footnote, *ante*, page 1275.

†Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.