116 Cal.Rptr.2d 908 (2002)
96 Cal.App.4th 518
The PEOPLE, Plaintiff and Respondent,
v.
Victor Rodriguez MONTES, Defendant and Appellant.
No. C036904.
Court of Appeal, Third District.
February 27, 2002.
Rehearing Denied March 25, 2002.
Review Granted June 12, 2002.
*910 Richard A. Levy, under appointment by the Court of Appeal, Torrance, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Senior Assistant Attorney General, Carlos A. Martinez, Supervising Deputy Attorney General, Matthew Chan and Charles V. Fennessey, Deputy Attorneys General, for Plaintiff and Respondent.
*909 SCOTLAND, P.J.
At the direction of a fellow South Side Locos gang member, defendant Victor Rodriguez Montes shot a rival gang member several times, inflicting serious injuries requiring surgery.
Defendant was convicted of attempted second degree murder. (Pen.Code, §§ 664/187; further section references are to this code unless otherwise specified.) The trier of fact also found that, in committing the offense, defendant intentionally discharged a firearm (§§ 12022.5, 12022.53, subds.(b), (c)), inflicted great bodily injury on the victim (§§ 12022.53, subd. (d), 12022.7), participated in a criminal street gang (§ 186.22, subd. (a)), and acted for the benefit of a street gang (§ 186.22, subd. (b)(1)). He was sentenced to prison term of 7 years for attempted murder, plus a consecutive term of 10 years for the street gang enhancement and a consecutive term of 25 years to life for the firearm and great bodily injury enhancement.
On appeal, defendant contends the court erred in imposing the 10 year street gang enhancement. (§ 186.22, subd. (b)(1).) He argues this enhancement does not apply when the underlying felony is "punishable by imprisonment in the state prison for life" (§ 186.22, subds.(b)d), (b)(5)), which is what he received for the attempted murder due to the firearm and great bodily injury enhancement (§ 12022.53, subd. (d)). The People retort that the life term exception applies only when the felony is punishable for life in the abstract, without tacking on any enhancements.
As we shall explain, we find section 186.22, subdivision (b) is ambiguous and, therefore, resolve it in defendant's favor by construing its phrase "felony punishable by imprisonment in the state prison for life" to include an enhancement that results in an indeterminate life term for what otherwise would be a felony punishable by a determinate term of less than life. Accordingly, we will modify the judgment by striking the 10 year street gang enhancement imposed pursuant to section 186.22, *911 subdivision (b)(1), and applying the 15 year minimum parole eligibility provision mandated by section 186.22, subdivision (b)(5).[1]

DISCUSSION
As we have noted, the trial court imposed a determinate term of 17 years, consisting of 7 years for the attempted murder and 10 years for the street gang enhancement pursuant to section 186.22, subdivision (b)(1) (hereafter section 186.22(b)(1)).
The court also imposed an indeterminate term of 25 years to life pursuant to section 12022.53, subdivision (d), which states in pertinent part: "Notwithstanding any other provision of law, any person who is convicted of a felony specified in subdivision (a) [including defendant's crime of attempted murder (§ 12022.53, subd. (a)(1)(18))] . . . and who in the commission of that felony intentionally and personally discharged a firearm and proximately caused great bodily injury, as defined in Section 12022.7, or death, to any person other than an accomplice [as defendant did], shall be punished by a term of imprisonment of 25 years to life in the state prison, which shall be imposed in addition and consecutive to the punishment prescribed for that felony."
Defendant contends that, since he received a life term due to the section 12022.53, subdivision (d) enhancement, the trial court was not authorized to also impose the 10-year section 186.22(b)(1) enhancement. Instead, defendant argues, the applicable provision was the limitation on parole eligibility specified in section 186.22, subdivision (b)(5) (hereafter section 186.22(b)(5)). We agree.
Former section 186.22(b)(1) stated in pertinent part: "Except as provided in . . . [§ 186.22(b)(5)], any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of two, three, or four years at the court's discretion .... If the felony is a violent felony, as defined in subdivision (c) of Section 667.5 [as was defendant's felony], the person shall be punished by an additional term of 10 years." (Italics added.)
Section 186.22(b)(5) provides in pertinent part that "any person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life, shall not be paroled until a minimum of 15 calendar years have been served." (Italics added.)
The interplay between subdivisions (b)(1) and (b)(5) of section 186.22 was explained in People v. Ortiz (1997) 57 Cal. App.4th 480, 67 Cal.Rptr.2d 126 (hereafter Ortiz).[2] Before discussing Ortiz, we note *912 that section 186.22 was amended after Ortiz was decided. (Prop. 21, sec. 4, as approved by voters, Primary Elec. (Mar. 7, 2000).) Among other things, the language of former subdivision (b)(4), which Ortiz interpreted, was placed in a new subdivision (b)(5), and a different subdivision (b)(4) was added to the statute. To avoid confusion while discussing the Ortiz holding, we will refer to former subdivision (b)(4) by its current number, subdivision (b)(5).
In Ortiz, it was argued that the section 186.22(b)(1) enhancement is not authorized when a life sentence is imposed; rather, the court is limited to imposing the minimum parole eligibility provision of section 186.22(b)(5). Ortiz agreed, finding that the unambiguous language of subdivision (b)(1), which begins with the phrase "[except as" provided in subdivision (b)(5), means subdivision (b)(5) applies and the defendant is not subject to the subdivision (b)(1) enhancement when the court imposes a life term on a felony committed for the gang's benefit. (Id. at pp. 485-486 [§ 186.22(b)(1) enhancement does not apply to murder punishable by an indeterminate life sentence]; see also People v. Herrera (1999) 70 Cal.App.4th 1456, 1465, 83 Cal.Rptr.2d 307 [enhancement does not apply to attempted premeditated murder punishable by life in state prison].)
The People concede the interpretation of Ortiz still applies to the statute as amended. Nevertheless, they contend that subdivision (b)(5) of section 186.22 is inapplicable in this case because defendant's felony of attempted second degree murder is not a "felony punishable by imprisonment in the state prison for life" as that phrase is used in subdivision (b)(5). Rather, his crime is punishable by a determinate term of five, seven, or nine years in state prison. (§ 664, subd. (a).) It is only due to the section 12022.53 enhancement for intentionally discharging a firearm and inflicting great bodily injury in the commission of attempted murder that defendant is serving a consecutive term of 25 years to life.
This raises the question whether the phrase "felony punishable by imprisonment in the state prison for life" in subdivision (b)(5) of section 186.22 means the underlying felony in the abstract or the felony as actually committed, including conduct that results in enhanced punishment. (Compare People v. Thomas (1999) 21 Cal.4th 1122, 1127-1130, 90 Cal.Rptr.2d 642, 988 P.2d 563 [held a "felony punishable by death or imprisonment in the state prison for life," within the meaning of the statutory scheme limiting presentence conduct credits a defendant may receive in certain circumstances, does not include a felony the commission of which results in a life sentence only due to the "three strikes law."].)
Defendant contends the phrase should be interpreted to include enhancements because, in his words, section 186.22 "elsewhere implicitly contemplates reference to the enhancements and not merely the substantive crime. Subdivision (b)(1) provides for a ten-year fixed term if the crime is a violent felony within the meaning of Penal Code section 667.5, subdivision (c). That subdivision, however, classifies crimes as `violent' not only on the basis of the substantive offense but also on the basis of the enhancements that attach to the substantive offense. For example, a non-enumerated felony may become a `violent' felony if it involves the infliction of great bodily injury (the enhancement under Penal *913 Code section 12022.7) or personal use of a firearm (the enhancement under Penal Code section 12022.5 or 12022.53).... If one would look to the enhancements for purposes of applying subdivision (b)(1), it follows that the authors of the initiative contemplated that one must look to the enhancements for purposes of subdivision (b)(5) as well."[3]
Noting that statutes must be harmonized with each other to the extent possible (People v. Loeun (1997) 17 Cal.4th 1, 9, 69 Cal.Rptr.2d 776, 947 P.2d 1313), the People assert that section 12022.53, subdivision (e) "necessarily allows" imposition of both the 15-year minimum parole eligibility provision (§ 186.22(b)(5)) and the 10-year criminal street gang enhancement (§ 186.22(b)(1)).
As stated above, section 12022.53 provides for sentence enhancements relating to the use and discharge of a firearm during the commission of certain felonies specified in subdivision (a) of the statute. An enhancement of 10 years applies when the defendant "personally used a firearm" while committing a specified felony. (§ 12022.53, subd. (b).) An enhancement of 20 years applies when the defendant "intentionally and personally discharged a firearm" while committing a specified felony. (§ 12022.53, subd. (c).) The section 12022.53, subdivision (d) enhancement of 25 years to life applies when the defendant "intentionally and personally discharged a firearm and proximately caused great bodily injury . . . or death, to any person other than an accomplice...."
Subdivision (e) of section 12022.53 goes on to state: "(1) The enhancements specified in this section shall apply to any person charged as a principal in the commission of an offense that includes an allegation pursuant to this section when a violation of both this section and subdivision (b) of Section 186.22 are pled and proved. [1] (2) [A section 186.22, subdivision (b) enhancement] shall not be imposed on a person in addition to an enhancement imposed pursuant to this subdivision, unless the person personally used or personally discharged a firearm in the commission of the offense."
The People interpret this last sentence to mean that, because defendant personally discharged a gun, both a section 12022.53, subdivision (d) firearm enhancement and a section 186.22(b)(1) criminal street gang enhancement may be applied in this case even when the minimum parole eligibility provision of section 186.22(b)(5) applies. We are not persuaded.
Section 12022.53, subdivision (e)(1) creates an exception to the personal use requirement of section 12022.53, subdivisions (b) through (d) and extends liability in any case where there is a finding pursuant to section 186.22 even if the defendant does not personally use the weapon. (People v. Salas (2001) 89 Cal.App.4th 1275, 1282, 108 Cal.Rptr.2d 137.) In other words, where section 186.22 is applicable, section 12022.53 applies as long as a principal personally uses a firearm in the commission of the underlying felony; personal firearm use by the accused is not required under these specific circumstances. Although the Legislature has expanded potential liability under section 12022.53, subdivision (e)(1) in gang cases, it also has *914 limited a defendant's liability in subdivision (e)(2), which precludes the imposition of an additional enhancement under section 186.22 unless the accused personally used a firearm. (Id. at p. 1282, 108 Cal.Rptr.2d 137.)
Thus, the enhancements under section 12022.53, subdivisions (b), (c) and (d) may be applied in a gang case regardless of whether the accused personally used a firearm; but an enhancement under section 186.22 may not be imposed unless the accused did personally use a firearm. For example, subdivision (e) of section 12022.53 allows imposition of the 10-year enhancement set forth in section 12022.53, subdivision (b) plus the 10-year enhancement specified in section 186.22(b)(1) as long as the accused in a gang case personally used a firearm.
Because defendant personally used a firearm in this case, nothing in section 12022.53, subdivision (e) precludes imposition of an enhancement under section 186.22. But nothing in subdivision (e) of section 12022.53 mandates the imposition of such an enhancement. The fact that enhancements pursuant to both section 12022.53 and section 186.22 may be permissible under certain circumstances does not lead to the conclusion that a section 186.22 enhancement may be imposed even though a defendant receives a life sentence pursuant to section 12022.53, subdivision (d) and the language of section 186.22(b)(1) excludes its application to felonies punishable by life sentences.
Accordingly, the People's reliance on section 12022.53 is misplaced since that statute does not resolve the question of what is meant by the phrase "felony punishable by imprisonment in the state prison for life" in section 186.22(b)(5), i.e., whether it means the underlying felony in the abstract or the felony as actually committed, including conduct that results in enhanced punishment. The Legislature did not specify that the felony be punishable by a "base term" of imprisonment in the state prison for life, nor did it expressly include felonies punishable by life imprisonment as the result of an enhancement.[4] Consequently, as the California Supreme Court noted when construing an almost identical phrase found in another statute, the phrase is ambiguous. (People v. Thomas, supra, 21 Cal.4th at p. 1129, 90 Cal.Rptr.2d 642, 988 P.2d 563 [construing the phrase "felony punishable by death or imprisonment in the state prison for life" as used in section 667.5, subd. (c)(7)].)
When language in a penal statute is ambiguous, courts must construe the ambiguity in favor of the defendant, giving him the benefit of every reasonable doubt as to the true interpretation of words or the construction of the statute. (People v. Overstreet (1986) 42 Cal.3d 891, 896, 231 Cal.Rptr. 213, 726 P.2d 1288; Wooten v. Superior Court (2001) 93 Cal.App.4th 422, 429,113 Cal.Rptr.2d 195; People v. Gohdes (1997) 58 Cal.App.4th 1520, 1526, 68 Cal. Rptr.2d 719.) This "rule of lenity" is an appropriate "tiebreaker" when there are equally plausible interpretations of the law. (People v. Douglas (2000) 79 Cal. App.4th 810, 815, 94 Cal.Rptr.2d 500.) But the rule has no application when it would result in absurd consequences, render portions of the statute meaningless, and frustrate the evident purpose of the law. *915 (People v. Murillo (1995) 39 Cal.App.4th 1298, 1308, 46 Cal.Rptr.2d 403.)
The purpose of section 186.22, subdivision (b) is to deter and eradicate criminal street gang activity by separately and distinctly punishing gang-related crimes more severely than identical crimes that are not gang-related. (§ 186.21; Sen. Com. on Judiciary, Analysis of Assem. Bill No.2013 (1987-1988 Reg. Sess.) as amended June 22, 1988, p. 2.) To effectuate this purpose, subdivision (b)(1) of the statute requires an additional term of imprisonment where a felony is committed on behalf of a gang, and subdivision (b)(5) requires that a defendant who commits a felony punishable by life imprisonment serve at least 15 years in prison, rather than the 7-year minimum parole eligibility date denoted in section 3046. The intended effect of subdivision (b)(5) is to increase the defendant's punishment by adding eight years to his minimum parole eligibility date. Apparently, the Legislature concluded that anyone committing a felony punishable by life imprisonment on behalf of a gang would be punished sufficiently by the extended parole eligibility date and, thus, it opted not to additionally impose any of the sentence enhancements enumerated in subdivision (b)(1). The People proffer no logical reason why a felony punishable by life imprisonment as the result of an enhancement should be treated differently.
Accordingly, we conclude that the ambiguity in the phrase "felony punishable by imprisonment in the state prison for life" as used in section 186.22(b)(5) must be construed in defendant's favor to encompass a felony punishable by imprisonment in the state prison for life as the result of a sentence enhancement.
It follows that the section 186.22(b)(1) enhancement must be stricken and the judgment modified to impose the 15-year minimum parole eligibility provision mandated by section 186.22(b)(5). (Ortiz, supra, 57 Cal.App.4th 480, 67 Cal.Rptr.2d 126.)
Defendant claims that we may not impose the minimum parole eligibility provision because the trial court found the section 186.22(b)(5) allegation was not true, stating: "The Court suspects that the People mischarged it, and should have charged subdivision . . . (b)(4) rather than (b)(5). But since no facts are alleged in the special allegation, the Court cannot draw that conclusion."
Defendant concedes "[i]t appears that the court may have been looking at the pre-Proposition 21 version of the statute," in which the minimum parole eligibility provision was stated in subdivision (b)(4) of section 186.22. (Stats.1997, ch. 500, § 2.) However, the prosecutor did not object or attempt to clarify the matter. Because enhancements must be alleged in the accusatory pleading and either admitted by the defendant or found true by the trier of fact (§ 1170.1, subd. (e)), defendant argues the minimum parole eligibility provision of subdivision (b)(5) may not be imposed instead of the subdivision (b)(1) enhancement. We disagree.
Defendant's reliance on section 1170.1, subdivision (e) is misplaced because the minimum parole eligibility provision of section 186.22(b)(5) "is not a sentence enhancement"; instead, it is an alternate penalty for the underlying felony itself. (People v. Jefferson, supra, 21 Cal.4th at p. 101, 86 Cal.Rptr.2d 893, 980 P.2d 441.) Hence, the pleading and proof requirement of section 1170.1, subdivision (e) does not apply to section 186.22(b)(5). (Cf. People v. Hennessey (1995) 37 Cal.App.4th 1830, 1834-1835, 44 Cal.Rptr.2d 792 [holding that § 1170.15, which creates an alternate sentencing scheme, does not have to be pleaded or proven].)
*916 The People were required, as they did, to plead and prove only that defendant violated section 186.22(b)(1), i.e., he committed a felony with the specific intent to promote, further, or assist any criminal conduct by gang members. Because the trial court found that allegation true, section 186.22(b)(1) required the court to impose the subdivision (b)(1) enhancement unless subdivision (b)(5) applies and mandates the minimum parole eligibility date. Whether subdivision (b)(5) applies depends on whether defendant was convicted of a felony punishable by life imprisonment, a matter that did not have to be pleaded or proven in the factual sense. Rather, whether he was convicted of a felony punishable by life imprisonment is a question of law.
Hence, the trial court's "not true" finding regarding the People's unnecessary section 186.22(b)(5) allegation does not preclude imposition of the minimum parole eligibility provision mandated by subdivision (b)(5). This is so because the court's imposition of the subdivision (b)(1) enhancement instead of the mandatory subdivision (b)(5) parole eligibility provision resulted in an unauthorized sentence. In other words, the court lacked authority to enhance defendant's sentence pursuant to section 186.22(b)(1) and was required, instead, to impose the alternate penalty mandated by section 186.22(b)(5). An unauthorized sentence may be corrected in the first instance on appeal regardless of the absence of an objection in the trial court. (People v. Smith (2001) 24 Cal.4th 849, 852-854, 102 Cal.Rptr.2d 731, 14 P.3d 942.)

DISPOSITION
The judgment is modified by striking the section 186.22(b)(1) enhancement and imposing the 15-year minimum parole eligibility provision mandated by section
186.22(b)(5). As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the modifications, and to forward a certified
We concur: BLEASE and CALLAHAN, JJ.
NOTES
[1] In light of our conclusion that the section 186.22, subdivision (b)(1) enhancement must be stricken, we need not address defendant's alternate claim that the enhancement, as amended by Proposition 21, is void because, in his view, Proposition 21 violates the single-subject rule.
[2] People v. Herrera (2001) 88 Cal.App.4th 1353, 106 Cal.Rptr.2d 793 (hereafter Herrera) is another case that has analyzed the interplay between subdivision (b)(1) and what now is subdivision (b)(5) of section 186.22. Herrera addressed their applicability with respect to a conviction for first degree murder. In a two-to-one decision, Herrera held that, in light of other sentencing provisions, now subdivision (b)(5) does not apply to a first degree murder conviction; therefore, the trial court in that case properly imposed the subdivision (b)(1) enhancement even though first degree murder is a felony punishable by imprisonment in the state prison for life. The analysis of Herrera does not apply here because the other sentencing provisions upon which it relied have no application to attempted second degree murder. Thus, we need not address whether Herrera was decided correctly.
[3] Actually, section 186.22 does not just implicitly contemplate enhancements in determining whether subdivision (b)(1) applies. The statute explicitly states an additional term of 10 years shall apply if the felony "is a violent felony, as defined in subdivision (c) of Section 667.5." Section 667.5, subdivision (c) states in pertinent part that "violent felony" means any of certain enumerated offenses, including felonies for which the defendant's sentence is increased by specified enhancements. (§ 667.5, subd. (c)(8), (22).)
[4] A "base term" of imprisonment is "the determinate prison term selected from among the three possible terms prescribed by statute or the determinate prison term prescribed by law if a range of three possible terms is not prescribed." (Cal. Rules of Court, rule 4.405(b).) A sentence enhancement is "an additional term of imprisonment added to the base term." (Cal. Rules of Court, rule 4.405(c).)