[No. S075090. Dec. 6, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
OTIS MICHAEL THOMAS, Defendant and Appellant.

## Counsel

Ava R. Stralla and Gary M. Mandinach, under appointments by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and David P. Druliner, Chief Assistant Attorneys General, Carol Wendelin Pollack, Assistant Attorney General, Lance E. Winters, Victoria Bedrossian, Donald E. de Nicola, Sanjay T. Kumar and Louis W. Karlin, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

BROWN, J.—We consider in this case whether a defendant sentenced under the three strikes law (Pen. Code,[1] § 1170.12) is entitled to presentence conduct credits, and if so, whether he is entitled to such credits under section 4019 or to a lesser maximum amount under section 2933.1. We conclude a defendant is so entitled, and that the presentence conduct credits in this case are calculated under section 4019. We therefore reverse the judgment of the Court of Appeal.

### I. Factual and Procedural Background

Defendant Otis Michael Thomas was found guilty of first degree residential burglary (count 2, § 459), making a terrorist threat (count 3, § 422), possession of a firearm by a felon (count 4, § 12021, subd. (a)(1)), and false imprisonment of a hostage (count 5, § 210.5). The jury found true the allegation that defendant was armed with a firearm in the commission of counts 2, 3, and 5. The jury also found that the victim of the terrorist threat charge suffered reasonable sustained fear for her safety and that of her immediate family. Thereafter, as relevant here, the same jury found defendant had previously been convicted of two serious felonies. (§ 1170.12.)

The trial court sentenced defendant to 3 consecutive indeterminate terms of 25 years to life on counts 2, 3, and 5, consecutive to a determinate term of

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

11 years for certain enhancements. Sentence on count 4 was stayed. He was credited with 396 days served in jail prior to sentencing—264 days of actual custody, and 132 days of conduct credits. (§§ 2900.5, 4019.)

On appeal, the court concluded defendant was subject to section 2933.1's 15 percent limitation on presentence conduct credits, not section 4019's greater percentage. It remanded for resolution of certain unrelated sentencing issues. The parties' petitions for rehearing were denied.

We granted defendant's petition for review.

## II. DISCUSSION

### A. *Applicability of Three Strikes Law to Presentence Conduct Credits*

In general, a defendant receives what are commonly known as conduct credits toward his term of imprisonment for good behavior and willingness to work during time served prior to commencement of sentence. (§§ 2900.5, 4019; *People* v. *Sage* (1980) 26 Cal.3d 498, 501 [165 Cal.Rptr. 280, 611 P.2d 874].) ■■ We first consider whether the three strikes law under which defendant was sentenced addresses such presentence credits (§ 1170.12, subd. (a)(5); hereafter section 1170.12(a)(5)).[2] ■■ In construing section 1170.12(a)(5), "our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure." (*In re Littlefield* (1993) 5 Cal.4th 122, 130 [19 Cal.Rptr.2d 248, 851 P.2d 42].)

■■ We begin with the language of the statute. Section 1170.12(a)(5) provides, "The total amount of credits awarded pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison." By its terms, section 1170.12(a)(5) does not address presentence conduct credits for those defendants sentenced under the three strikes law. (*People* v. *Hill* (1995) 37 Cal.App.4th 220, 225 [44 Cal.Rptr.2d 11] [section 667, subdivision (c)(5), does not speak to presentence conduct credits].) Rather, it refers to *post*sentence conduct credits, or credits "awarded pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3." (§ 1170.12(a)(5); cf. *People* v. *Goodloe* (1995) 37 Cal.App.4th 485, 495 [44 Cal.Rptr.2d 15].) Because this language is clear, it is unnecessary to look, as the Attorney General urges, to the statute's legislative history. (See *People* v. *Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].)

---

[2]The relevant portions of the initiative version of the three strikes law adopted by the voters in November 1994 (§ 1170.12) and the legislative version (§ 667, subds. (b)-(i)) are virtually identical.

The Attorney General argues section 1170.12(a)(5) refers to both pre- and postsentence conduct credits because section 2933.1, which expressly addresses both types of credits, was enacted over one month prior to the passage of section 1170.12. However, section 2933.1 does not "award[]" credits within the meaning of section 1170.12(a)(5); it sanctions violent crime by limiting pre- and postsentence credits available under other sections. Moreover, Proposition 184 provides, "All references to existing statutes are to statutes as they existed on June 30, 1993." (Ballot Pamp., text of Prop. 184, Gen. Elec. (Nov. 8, 1994) p. 65; § 667, subd. (h).) Hence, to the extent section 2933.1, which was enacted in 1994, awarded credits, it would not influence our interpretation. Indeed, by expressly referring to both "Section 4019" and presentence credit, and "worktime credit, as defined in Section 2933," section 2933.1 demonstrates that "when the Legislature wanted to restrict presentence conduct credit, it knew how to do so." (*People v. Hill, supra,* 37 Cal.App.4th at p. 225, fn. 3; § 2933.1, subds. (a), (c); see also § 2933.2, subds. (a), (c), enacted in 1996 ["no credit pursuant to Section 4019 may be earned" by person convicted of murder].)

As the Attorney General notes, "generally speaking, postcommitment credits only accrue upon a felon's placement in state prison." (§ 2900, subd. (a) ["The term of imprisonment fixed by the judgment in a criminal action commences to run only upon the actual delivery of the defendant into the custody of the Director of Corrections . . . ."].) However, the fact that the voters clarified in section 1170.12(a)(5) when the postsentence conduct credits referred to in that section begin to accrue does not make that language mere surplusage, or automatically indicate that the accrual period must be different from the obvious one, simply because the principle is also stated in section 2900. Rather, the voters may have wished to eliminate any possible confusion regarding *which* conduct credits they were limiting.

Nor does our interpretation contravene the voters' stated purpose in enacting section 1170.12, which was "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (Ballot Pamp., text of Prop. 184, Gen. Elec. (Nov. 8, 1994) p. 64; § 667, subd. (b).) By limiting defendant's postsentence credits to no more than 20 percent, when they were previously generally 50 percent, section 1170.12(a)(5) furthers the voters' intent. (See § 2933.)

It is true, as the Attorney General argues, that to the extent presentence conduct credits are calculated under section 4019 and not section 2933.1 (see *post*), our interpretation creates an incentive for three strikes defendants to delay adjudication in an effort to accrue credits at a higher percentage.

However, we are not in a position to rewrite but merely interpret the statute. For the most serious three strikes offenders, like defendant, the impact of presentence conduct credits will be minimal and unlikely to outweigh the disadvantages of a lengthy tenure as a pretrial detainee.

B. *Whether Defendant's Presentence Conduct Credits Are Calculated Under Section 4019 or Section 2933.1*

We now consider whether presentence conduct credits for three strikes defendants are properly calculated under section 4019 as defendant contends, or the lesser maximum amount of 15 percent under section 2933.1, as the Attorney General contends. As noted above, the Court of Appeal concluded defendant was subject to section 2933.1, expressly disagreeing with *People* v. *Henson* (1997) 57 Cal.App.4th 1380 [67 Cal.Rptr.2d 734].

Section 2933.1, subdivision (a), provides, "Notwithstanding any other law, any person who is convicted of a felony offense listed in Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933." Section 2933.1, subdivision (c), provides, "Notwithstanding Section 4019 or any other provision of law," "for any person specified in subdivision (a)," the maximum presentence conduct credit that may be earned is 15 percent.

Section 667.5, subdivision (c), lists 19 circumstances that qualify as a " 'violent felony.' " At issue here is section 667.5, subdivision (c)(7) (section 667.5(c)(7)), which states, "Any felony punishable by death or imprisonment in the state prison for life."

Defendant asserts that sections 2933.1 and 667.5(c)(7) only apply when a defendant is convicted of an offense that itself carries a punishment of life imprisonment, not when he receives a life sentence merely due to his status as a recidivist. The Attorney General asserts that because sections 2933.1 and 667.5(c)(7) apply to any person convicted of a felony offense punishable by life imprisonment, defendant comes within their ambit because he received three 25-year-to-life sentences under the three strikes law. Thus, the issue here is whether the "felony" referred to in section 667.5(c)(7) must itself be punishable by life imprisonment, or whether the phrase is intended to include any felony the commission of which may result in a life sentence, even if the sentence is based in part on conduct other than the commission of the current felony. For the following reasons, we conclude the former interpretation is correct.

First, the three strikes law distinguishes at various points between felonies that are serious or violent and those that are not. As noted in *Henson*, the offenses specifically listed in section 667.5, subdivision (c), and indeed most offenses punishable by life imprisonment, are indisputably "extraordinary crimes of violence against the person." (§ 667.5, subd. (c), foll. (19); *People v. Henson, supra,* 57 Cal.App.4th at p. 1386.) "A 'third strike,' however, may or may not be such an offense; the three strikes law imposes a life sentence on any defendant convicted of 'a felony' who has two or more prior convictions for 'serious' (§ 1192.7, subd. (c)) or 'violent' (§ 667.5, subd. (c)) felonies." (*People v. Henson, supra,* 57 Cal.App.4th at p. 1386; § 1170.12, subds. (a), (b), (c)(2)(A); see *People v. Hazelton* (1996) 14 Cal.4th 101, 108-109 [58 Cal.Rptr.2d 443, 926 P.2d 423].)

The three strikes law further distinguishes between current felony convictions that are serious or violent and those that are not. Section 1170.12, subdivision (a)(6), provides, "If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to this section." This subdivision "applies to *any* current felony conviction." (*People v. Hendrix* (1997) 16 Cal.4th 508, 512 [66 Cal.Rptr.2d 431, 941 P.2d 64], original italics.) Section 1170.12, subdivision (a)(7), provides that if the current conviction described in subdivision (a)(6) is for more than one "serious" or "violent" felony, "the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law." We have held that section 667, subdivision (c)(6) and (7), which "are virtually identical" to section 1170.12, subdivision (a)(6) and (7), "are not duplicative." (*People v. Hendrix, supra,* 16 Cal.4th at pp. 511, fn. 2, 513.)

Moreover, section 1192.7, subdivision (c)(7) (section 1192.7(c)(7)), includes as a "serious" felony, "*[a]ny felony punishable by death or imprisonment in the state prison for life.*" (Italics added.) As can be seen, this language parallels the language at issue in section 667.5(c)(7). If we were to interpret section 667.5(c)(7) to mean a third strike defendant falls within its purview because of his life sentence, not because of the underlying offense, a similar interpretation would necessarily obtain for section 1192.7(c)(7). "Under the three strikes law, a trial court must sentence a defendant with two or more qualifying prior felony convictions or strikes to an indeterminate term of life imprisonment." (*People v. Dotson* (1997) 16 Cal.4th 547, 552 [66 Cal.Rptr.2d 423, 941 P.2d 56].) A third strike would by definition, therefore, always qualify as a serious or violent offense.

The plain language of the three strikes law and our cases interpreting it compel the opposite result. In *People* v. *Dotson, supra,* 16 Cal.4th 547, for example, this court observed that "the defendant's current felony need not be 'serious' for the three strikes law to apply," and distinguished between "a recidivist who committed a serious third strike felony" and one "who committed a *non*serious third strike felony." (*Id.* at p. 555, original italics; [" 'It is certainly appropriate to punish more harshly those' " three strikes defendants :" 'convicted of new serious felonies' " than those whose most recent felony is not serious.].) Were the Attorney General's interpretation of section 667.5(c)(7) correct, this distinction would be nonsensical.

Indeed, as noted in *Henson,* if every third strike qualified as a serious felony, virtually every third strike defendant would receive not only a life sentence but also a five-year enhancement under section 667, subdivision (a) (section 667(a)). (*People* v. *Henson, supra,* 57 Cal.App.4th at p. 1388.) This section "imposes a five-year enhancement for each current conviction for a 'serious' felony if the defendant previously has been convicted of a 'serious' felony. If a third strike were automatically considered a 'serious' felony by virtue of the fact it carries a life sentence, the five-year enhancement would be imposed in every third strike case involving a prior serious felony conviction regardless of what offense constituted the third strike." (*Ibid.*, fn. omitted.) We have held otherwise. (*People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497, 529 [53 Cal.Rptr.2d 789, 917 P.2d 628] ["The five-year enhancements mandated by section 667, subdivision (a), . . . apply only when the defendant's current offense is a 'serious felony' within the meaning of section 1192.7, subdivision (c), while the sentences mandated by the Three Strikes law apply whether or not the current felony is 'serious.' "]; *People* v. *Dotson, supra,* 16 Cal.4th at p. 555 [under section 667(a), "the current felony offense must be 'serious' within the meaning of section 1192.7, subdivision (c), for the five-year enhancement to apply"].)

Given this limitation of section 667(a) five-year enhancements to recidivists whose current offenses are serious, it is equally appropriate to limit sections 2933.1 and 667.5(c)(7) to defendants whose current offenses, in and of themselves, and without reference to the punishment accorded under the three strikes law, are violent. (*People* v. *Henson, supra,* 57 Cal.App.4th at p. 1389.)

The Court of Appeal below concluded that section 2933.1 was unambiguous and applicable to any third strike defendant. As the preceding discussion indicates, the relevant statutory language is ambiguous. The court also relied on a statement in the statute enacting section 2933.1 that the legislation was

enacted as an urgency measure "to protect the public from dangerous repeat offenders who otherwise would be released." (Stats. 1994, ch. 713, § 2.) Section 2933.1, however, on its face, applies to both first-time and recidivist violent offenders. Moreover, numerous statutes address recidivism. Nothing in this brief statement compels the result that section 2933.1 applies to every third strike defendant.

The Court of Appeal also found instructive the fact that section 2933.1 was enacted as an urgency measure six months after section 667, subdivisions (b)-(i), the legislative version of the three strikes law, stating that such timing "is additional evidence that the Legislature intended to restrict all credits otherwise available" to "recidivist, third strike defendants." Of course, such timing is also consistent with the conclusion that the Legislature intended to limit presentence credits for only one class of three strikes defendants, i.e., those that are violent. If the Legislature had intended to limit presentence credits for all third strike defendants, it is more likely it would have simply amended section 667, subdivisions (b)-(i), not enacted section 2933.1. (See *People* v. *Rayford* (1994) 9 Cal.4th 1, 11 [36 Cal.Rptr.2d 317, 884 P.2d 1369].)

Finally, the court concluded that "[w]hile a third strike always results in reduction in credits, it does not itself become serious or violent thereby for other Three Strikes purposes." Even if such a "dilemma" existed, the court concluded it could be resolved by assigning different meanings to the same phrase in different parts of the three strikes law. Nothing in the language of the three strikes law, however, supports such a variable interpretation.

We therefore conclude sections 2933.1 and 667.5(c)(7) limit a defendant's presentence conduct credit to a maximum of 15 percent only when the defendant's current conviction is itself punishable by life imprisonment, not when it is so punishable solely due to his status as a recidivist. Because defendant's current convictions are not "violent" within the meaning of section 667.5, subdivision (c), the trial court properly awarded him presentence conduct credits under section 4019 rather than section 2933.1.[3]

---

[3]Defendant's sentence includes both an 11-year determinate term and 3 indeterminate terms of 25 years to life. Because defendant's presentence conduct credits do not exceed his determinate term, we are not asked in this case to decide whether a three strikes defendant is entitled to presentence conduct credits when he has solely an indeterminate sentence. (See § 669; *People* v. *Henson, supra*, 57 Cal.App.4th at p. 1390, fn. 10; *People* v. *Stofle* (1996) 45 Cal.App.4th 417, 421 [52 Cal.Rptr.2d 829].)

## DISPOSITION

The judgment of the Court of Appeal is reversed, and the case remanded to that court for further proceedings consistent with this opinion.

George, C. J., Mosk, J., Kennard, J., Baxter, J., Werdegar, J., and Chin, J., concurred.