Filed 10/7/15  P. v. Broussard CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B261787 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA415214) |
| v. | |
| KENNETH W. BROUSSARD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig J. Mitchell, Judge.  Reversed and remanded for resentencing; otherwise affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Dana M. Ali, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

A jury found defendant and appellant Kenneth W. Broussard guilty of, among other things, corporal injury to a spouse and criminal threats. He was sentenced to 28 years to life in prison. Because of errors in defendant's sentence, we reverse and remand for resentencing only.

## BACKGROUND[1]

Based on evidence Broussard cut his wife's neck with a box cutter and said he would kill her, a jury, on December 18, 2013, found him guilty of: count 1, corporal injury to spouse (Pen. Code, § 273.5, subd. (a))[2] with a true finding on a personal use of a deadly weapon allegation (§ 12022, subd. (b)(1)); count 3, criminal threats (§ 422, subd. (a)); and count 4, assault with a deadly weapon (§ 245, subd. (a)(1)).[3]

On January 30, 2014, sentencing was suspended pending an evaluation of Broussard's mental competence, under section 1368. On February 25, 2014, the trial court found Broussard to be mentally incompetent and referred him to a state hospital. Proceedings resumed on October 20, 2014, following restoration of Broussard's competency.

On January 23, 2015, Broussard waived his rights and admitted two prior strike convictions. The trial court sentenced Broussard, on count 3, to 25 years to life and, on count 1, to one-third the midterm doubled to two years, plus one year for the weapon enhancement. The trial court awarded only 945 actual days of custody credits, believing that on "a life case he is not entitled to any good time/work time credits."

---

[1] An extensive recitation of the facts underlying Broussard's conviction is unnecessary to the issues on appeal.

[2] All undesignated statutory references are to the Penal Code.

[3] The jury found him not guilty of count 2, assault and battery.

**DISCUSSION**

**I.      Broussard is entitled to presentence conduct credit.**

Broussard contends, the People concede, and we agree that Broussard is entitled to presentence conduct credits. When a third strike defendant's current convictions are not "violent" within the meaning of section 667.5, he or she is entitled to presentence conduct credits under section 4019. (*People v. Thomas* (1999) 21 Cal.4th 1122, 1130; *People v. Philpot* (2004) 122 Cal.App.4th 893, 908 ["presentence conduct credits are available to a defendant sentenced to an indeterminate life term under the three strikes law"].) Broussard's current convictions for corporal injury to spouse (§ 273.5, subd. (a)) and for criminal threats (§ 422, subd. (a)) are not "violent" felonies, under section 667.5. He is therefore entitled to presentence conduct credit under section 4019. He is not, however, entitled to conduct credit for time spent at a state hospital. (*People v. Callahan* (2006) 144 Cal.App.4th 678, 686.) Because the record is inadequate to determine how many days Broussard was at a state hospital, we remand to the trial court to determine the credits to which Broussard is entitled.

**II.      Broussard must be resentenced on the underlying counts.**

On remand, the trial court also must reconsider the sentences imposed. The trial court selected count 3, criminal threats, "as the principal term" and count 1, corporal injury to a spouse, as the "subordinate term." The court sentenced defendant to an indeterminate term on count 3 and to a determinate term of one-third the midterm on count 1.[4] But " '[w]hen a defendant is sentenced to both a determinate and an indeterminate sentence, the determinate sentence is served first. Nonetheless, neither term is "principal" [n]or "subordinate." *They are to be considered and calculated independently of one another.* [Citation.]' " (*People v. Garza* (2003) 107 Cal.App.4th 1081, 1094.) Therefore, section 1170.1, which provides that subordinate terms shall consist of one-third the midterm, does not apply here. The trial court erred by sentencing

---

[4]      Corporal injury to a spouse carries a determinate sentence of 2, 3 or 4 years in prison. (§ 273.5, subd. (a).)

3

Broussard to one-third the midterm on count 1. On remand, the court shall reconsider its sentence.

## DISPOSITION

The judgment is reversed and remanded for resentencing only. The judgment is otherwise affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, Acting P. J.


We concur:


LAVIN, J.


JONES, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.