Filed 2/27/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br> RASHEED MALCOLM JONES,<br><br>    Defendant and Appellant. | B318732<br><br> (Los Angeles County<br>  Super. Ct. No. TA152434) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Connie R. Quinones, Judge.  Affirmed as modified.

Michael S. Evans for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

The sole issue presented is whether the trial court incorrectly calculated presentence custody credits. Defendant and appellant Rasheed Malcolm Jones pled no contest to one count of assault with a firearm and admitted a prior 2012 conviction for the same offense in exchange for a four-year sentence. Defendant contends the court erred in not awarding him presentence custody credits in accordance with Penal Code section 4019.

We agree that presentence custody credits should have been calculated pursuant to Penal Code section 4019. We therefore modify the judgment to reflect presentence custody credits in the total amount of 993 days and otherwise affirm the judgment as so modified.

## FACTUAL AND PROCEDURAL SUMMARY

Defendant was charged, along with three codefendants, with several felonies. In January 2022, pursuant to a negotiated plea agreement, defendant pled no contest to one count of assault with a firearm (Pen. Code, § 245, subd. (a)(2)) and admitted having suffered a prior conviction for assault with a firearm in 2012 in exchange for a four-year prison sentence. The parties stipulated to a factual basis for the plea and the court accepted defendant's plea and waivers on the record, finding them to have been knowingly, intelligently and voluntarily made. The remaining counts against defendant were dismissed. The court imposed sentence according to the negotiated plea agreement.

The court awarded defendant presentence custody credits in the total amount of 596 days (497 actual, plus 99 conduct). The court rejected defendant's argument that presentence custody credits should be awarded pursuant to Penal Code section 4019.

2

Defendant did not seek a certificate of probable cause, but rather, filed a timely notice of appeal.

## DISCUSSION

### 1. Dismissal of the Appeal Is Not Warranted.

The People argue the appeal must be dismissed pursuant to Penal Code section 1237.5 because defendant did not obtain a certificate of probable cause, or alternatively, because he did not first raise the issue in the trial court as required by section 1237.1. We do not agree.

"In determining whether [Penal Code] section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal . . . the critical inquiry is whether a challenge to the sentence is in substance a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*People v. Panizzon* (1996) 13 Cal.4th 68, 76, citation & italics omitted; accord, *People v. Cuevas* (2008) 44 Cal.4th 374, 381.)

The plea agreement required defendant to admit to a prior 2012 conviction for assault with a firearm. The People contend defendant's admission of the prior strike expressly limits his custody credits to no more than one-fifth or 20 percent of his total prison sentence. They say that defendant's challenge to the calculation of custody credits which amounts to a request to have an upward modification of custody credits greater than 20 percent of his agreed-upon sentence is therefore an attack on the validity of the plea requiring a certificate of probable cause.

As we explain in part 2 below, defendant was entitled to an award of presentence custody credits in accordance with Penal Code section 4019, notwithstanding his admission of the strike. Defendant's appeal does not challenge the validity of the plea but

3

raises only a claim that the presentence credits were miscalculated—an appellate contention that does not require a certificate of probable cause. (See, e.g., *People v. Hodges* (2009) 174 Cal.App.4th 1096, 1102, fn. 5 ["Presentence custody credit issues do not require a certificate of probable cause."].)

Penal Code section 1237.1 also does not require a dismissal here. The statute provides that no appeal shall be taken alleging a miscalculation of presentence custody credits "unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court, which may be made informally in writing." (*Ibid.*)

At the sentencing hearing, defense counsel expressly requested the court to order "day-for-day" conduct credits because a charge of assault with a firearm qualifies only as a serious felony but not a violent felony. The court rejected defendant's argument and said he was not entitled to day-for-day credits because he was admitting the prior strike. Defendant therefore satisfied the requirement in Penal Code section 1237.1 of presenting "the claim in the trial court at the time of sentencing." (*Ibid.*) He was not required to do anything further in the trial court before bringing his appeal.

## 2.    Presentence Custody Credits Were Miscalculated.

Ordinarily, presentence custody credits are calculated according to Penal Code section 4019. (*People v. Thomas* (1999) 21 Cal.4th 1122, 1125 (*Thomas*).) Section 2900.5, subdivision (a) provides in relevant part that "[i]n all felony and misdemeanor convictions, either by plea or by verdict" where the defendant has been in custody prior to sentencing, the defendant shall be given presentence credits "pursuant to Section 4019."

4

Penal Code section 2933.1 creates an exception to the general rule for defendants convicted of a violent felony within the meaning of the Three Strikes law.  Section 2933.1 provides in relevant part that "[n]otwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement . . . following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)."  (*Id.*, subd. (c).)  Subdivision (a) provides that "any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933."

Defendant pled to one count of assault with a firearm and admitted he suffered a conviction for that same offense in 2012.  Assault with a firearm is not a violent felony listed in Penal Code section 667.5, subdivision (c).  Therefore, the limitation on presentence credits in section 2933.1 does not apply here.  (*Thomas*, *supra*, 21 Cal.4th at p. 1130.)

While not a qualifying violent felony, defendant's assault charge and prior strike qualify as a serious felony.  (Pen. Code, § 1192.7, subd. (c)(31).)  The People therefore rely on sections 667 and 1170.12 in arguing that defendant's prior strike means his presentence credits were limited by those statutes.  But the Three Strikes law has no effect on the calculation of *presentence* conduct credits.

As the Supreme Court explained in *People v. Buckhalter*, "[w]e recently held that restrictions on the rights of Three Strikes prisoners to earn term-shortening credits do not apply to confinement in a local facility prior to sentencing.  We

5

emphasized that when limiting the credit rights of offenders sentenced thereunder, the Three Strikes law (§§ 667, subd. (c)(5), 1170.12, subd. (a)(5)) expressly refers only to '*post*sentence . . . credits,' i.e., those ' "awarded pursuant to [a]rticle 2.5" ' [citation] and 'does not address *presentence* . . . credits' for Three Strikes defendants."  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 32.)

Defendant's presentence credits should have been calculated according to Penal Code section 4019.  We modify the judgment to reflect total presentence custody credits in the amount of 993 days (497 actual and 496 conduct credits).

**DISPOSITION**

The judgment of conviction is modified to reflect 993 days of presentence custody credits (497 actual and 496 conduct).  The judgment is otherwise affirmed as so modified.  On issuance of the remittitur, the superior court is directed to prepare and transmit a modified abstract of judgment to the Department of Corrections and Rehabilitation.


GRIMES, Acting P. J.


WE CONCUR:



WILEY, J.



VIRAMONTES, J.


6