Filed 4/28/25  P. v. Romayor CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H052178 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. Nos. 23CR002698, 24CR000166) |
| v. | |
| JAIME SECONDINO ROMAYOR, | |
| Defendant and Appellant. | |

In separate cases, defendant Jaime Secondino Romayor pleaded no contest to grand theft and evading an officer.  In both cases, he admitted he had previously been convicted of a serious or violent felony.  The trial court imposed an aggregate sentence of five years four months in state prison.

We appointed counsel, who filed an opening brief stating the case and the facts but raising no specific issues.  We notified Romayor of his right to submit written argument on his own behalf within 30 days, and we received no response.

After reviewing the entire record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we requested supplemental briefing, asking the parties to address whether the trial court properly calculated the credits for time served, and whether the abstract of judgment erroneously stated the date on which sentence was pronounced.  For the reasons below, we answer both questions in the affirmative, and we conclude remand is necessary for the trial court to recalculate the presentence custody credits.

We reverse the judgment, and we remand the matter for the trial court to recalculate the presentence custody credits and correct the abstract of judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural Background

#### 1. Case No. 23CR002698

In case No. 23CR002698, the prosecution charged Romayor with two counts: count 1—evading an officer while driving with a willful or wanton disregard for the safety of persons and property (Veh. Code, § 2800.2, subd. (a)); and count 2—evading an officer while driving a vehicle in a direction opposite to the lawful movement of traffic (Veh. Code, § 2800.4). The prosecution further alleged Romayor had previously been convicted of a serious or violent felony. (Pen. Code, § 1170.12, subd. (c)(1).)[1]

In August 2023, Romayor entered an agreement to plead no contest to count 1 as charged and admit the prior strike conviction in exchange for a maximum sentence of four years in prison.

#### 2. Case No. 24CR000166

In case No. 24CR000166, the prosecution charged Romayor with one count of grand theft (§ 487, subd. (a)). The prosecution further alleged Romayor had previously been convicted of a serious or violent felony (§ 1170.12, subd. (c)(1)), and that he was released from custody on bail or his own recognizance at the time he committed the offense (§ 12022.1, subd. (b)). As part of a plea agreement, Romayor pleaded no contest to count 1 as charged and admitted the prior strike conviction.

At the same hearing, Romayor entered a plea in a third case—case No. 24CR001830, in which he pleaded no contest to one count of misdemeanor simple battery committed on February 25, 2024. (§ 242.)

---

[1] Subsequent undesignated statutory references are to the Penal Code.

### 3. *Sentencing*

At a sentencing hearing on April 30, 2024, the trial court pronounced sentence in all three cases. The trial court imposed an aggregate sentence of five years four months. The sentence consisted of a four-year term in case No. 23CR002698 (the middle term of two years, doubled for the prior strike conviction), and a consecutive 16-month term in case No. 24CR000166 (one-third of the doubled midterm). In case No. 24CR001830, the court imposed a concurrent term of 116 days in county jail.

Romayor timely appealed. The trial court did not grant a certificate of probable cause.

### B. *Facts of the Offenses[2]*

### 1. *Case No. 23CR002698*

In March 2023, the police saw an ATV driving on the street and attempted to stop it. The ATV attempted to flee by driving at high speed through a parking lot, and it exited the lot by driving onto a street in the opposite lane of traffic. The ATV eventually stopped, and the police arrested Romayor as the driver.

### 2. *Case No. 24CR000166*

In December 2023, Romayor and another person stole two bicycles from a store parking lot. The thefts were recorded by a video surveillance camera, and Romayor later admitted he was one of the two thieves.

## II. DISCUSSION

We reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *People v. Kelly* (2006) 40 Cal.4th 106. Based on our review, we asked the parties to address two questions: whether the trial court properly calculated the presentence credits for time served, and whether the abstract of judgment erroneously stated the date on which

---

[2] The statement of facts is based on the facts as summarized in the probation report.

3

sentence was pronounced. Except for those two issues, we found no other arguable claims for appeal.

## A. Calculation of Presentence Custody Credits

Both parties contend the trial court erred in its calculation of presentence custody credits, but the parties disagree on how the court erred and what the correct calculation should be.

Romayor argues the trial court erred because he had admitted a prior strike conviction, and the court awarded conduct credits at 50 percent in excess of the limit on total custody credits imposed by section 1170.12, subdivision (a)(5). The Attorney General contends that subdivision does not apply to presentence custody credits, but he argues the trial court erred under section 2900.5, subdivision (b) by awarding custody credits in case No. 24CR000166 because the court imposed a consecutive term in that case.

### 1. Relevant Procedural Background

The police took Romayor into custody on March 23, 2023 for the offense charged in case No. 23CR002698. He posted bond and he was released on March 24, 2023. Romayor failed to appear for a sentencing hearing, and the trial court issued a bench warrant in November 2023.

On January 9, 2024, the police took Romayor into custody after arresting him for the offense charged in case No. 24CR000166. He remained in custody up to and including the date of the sentencing hearing on April 30, 2024.

The probation report prepared for the sentencing hearing stated that on February 25, 2024, while Romayor was in custody at the county jail, he committed the misdemeanor battery charged in case No. 24CR001830. The report indicates Romayor was remanded into custody on March 4, 2024 in that case, but the record includes no minute orders or reporter's transcript for the March 4 hearing.

4

At the sentencing hearing on April 30, 2024, the trial court awarded the following custody credits in each of the three cases:

In case No. 23CR002698, the court calculated 57 days of actual custody and 56 days of conduct credit, for a total of 113 days of custody credits.

In case No. 24CR000166, the court calculated 113 days of actual custody and 112 days of conduct credit, for a total of 225 days of custody credits.

In case No. 24CR001830, the court calculated 58 days of actual custody and 58 days of conduct credit, for a total of 116 days of custody credits.

Defense counsel objected to the court's calculation of custody credits. Counsel argued that Romayor was entitled to 229 days of custody credits in case No. 23CR002698—115 days of actual custody plus 114 days of conduct credit—because the trial court had selected that case for the principal term. Counsel also argued that zero days of custody credit should be awarded in case No. 24CR000166 because the court had selected that case for the subordinate term. The trial court rejected counsel's argument and awarded custody credits as set forth above.

The abstract of judgment reflects the trial court's award of 113 total days of custody credits (57 actual days plus 56 days of conduct credit) in case No. 23CR002698, and 225 total days of custody credits (113 actual days plus 112 days of conduct credit) in case No. 23CR000166.

## 2. *Legal Principles*

Section 2900.5, subdivision (a) provides, in relevant part: "In all felony and misdemeanor convictions . . . when the defendant has been in custody, including, but not limited to, any time spent in a jail . . . all days of custody of the defendant, including days . . . credited to the period of confinement pursuant to Section 4019 . . . shall be credited upon his or her term of imprisonment." "Penal Code section 2900.5 provides that the total number of days a defendant spends in custody, either before sentencing or as a

condition of probation, 'shall be credited' against the defendant's 'term of imprisonment.' " (*People v. Johnson* (2002) 28 Cal.4th 1050, 1052.)

Section 2900.5, subdivision (b) provides: "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." "[W]hen consecutive terms are imposed for multiple offenses in a single proceeding, only one of the terms shall receive credit for presentence custody, while leaving undisturbed the accepted principle that when *concurrent* sentences are imposed at the same time, presentence custody is credited against all." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1192, fn. 9.)

" '[T]he court imposing the sentence' has 'the duty . . . to determine the date or dates of any admission to, and release from, custody prior to sentencing and the total number of days to be credited pursuant to this section' and list them on the abstract of judgment or probation order indicating a term of imprisonment. (§ 2900.5, subd. (d); see § 1213, subd. (a).)" (*People v. Arevalo* (2018) 20 Cal.App.5th 821, 829 (*Arevalo*).)

We independently review whether a trial court has correctly applied the governing statutes in awarding custody credits. (*Arevalo*, *supra*, 20 Cal.App.5th at p. 827.) "A sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered." (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647.)

### 3. *Remand Is Necessary for Recalculation of Presentence Custody Credits*

Romayor argues the trial court erred under section 1170.12, subdivision (a)(5) by awarding conduct credits at 50 percent. That section provides, in relevant part: "(a) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious or violent felony conviction, as defined in subdivision (b), the court shall adhere to each of the following: [¶]  (5)  The total amount of credits awarded pursuant to Article 2.5 (commencing with

6

Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison." (§ 1170.12, subd. (a)(5).) Because Romayor admitted a prior strike conviction, he contends the trial court erred by awarding conduct credits at 50 percent.

The Attorney General correctly points out that section 1170.12, subdivision (a)(5) does not apply to an award of presentence custody credits. "By its terms, section 1170.12(a)(5) does not address presentence conduct credits for those defendants sentenced under the three strikes law." (*People v. Thomas* (1999) 21 Cal.4th 1122, 1125.) We therefore reject Romayor's argument, and we turn to the Attorney General's argument that the trial court erred by awarding custody credits in case No. 24CR000166.

The record establishes two continuous periods of custody relevant to the calculation of custody credits in this appeal. First, Romayor was in custody from March 23 to March 24, 2023 after his arrest for the offense charged in case No. 23CR002698. Accordingly, two actual days of custody are attributable to that offense.

Second, Romayor was taken into custody again on January 9, 2024, after police arrested him for the offense charged in case No. 24CR000166. He remained in custody continuously up to and including the sentencing hearing on April 30, 2024. He spent 113 actual days in custody during this period. The probation report states he was remanded on March 4, 2024 for the offense charged in case No. 24CR001830.

The trial court calculated 113 days of actual custody and 112 days of conduct credits in case No. 24CR000166. The Attorney General contends the trial court erred by awarding any custody credits in case No. 23CR000166 because the court imposed a consecutive term in that case—a 16-month term, subordinate to the principal four-year term imposed in case No. 23CR002698. The Attorney General argues that zero days of custody credit should have been awarded in case No. 23CR000166 under section 2900.5, subdivision (b), by which "[c]redit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." Because

the trial court awarded custody credits in case No. 23CR002698 for a period of time attributable to both cases, and the court imposed consecutive terms in those cases, the Attorney General concludes no custody credit should have been awarded in case No. 23CR000166.

We agree that under section 2900.5, subdivision (b), the trial court erred by awarding custody credits in case No. 23CR000166 for the same time in custody that was also attributable to case No. 23CR002698. But the Attorney General also asserts Romayor received custody credits in case No. 23CR002698 for the period between his arrest on January 9, 2024, and his sentencing hearing on April 30, 2024. Not so.

Relying on calculations set forth in the probation report, the court calculated the actual days in custody for case No. 23CR002698 based on the first two-day period in March 2023 and the 55-day period from January 9 to March 3, 2024—a total of 57 actual days. The probation report's calculations allocated the 58 days in custody from March 4 to April 30, 2024 to case No. 24CR001830, so the trial court awarded custody credits for those days in case No. 24CR001830—not in case No. 23CR002698. But the probation report's calculations were based on its recommendation to impose a *consecutive* term in case No. 24CR001830; instead, the court imposed a term "concurrent to all other cases." Based on the record before us, in case No. 24CR002698, Romayor was entitled to credit for his time in custody from March 4 to April 30, 2024. (See *People v. Kunath* (2012) 203 Cal.App.4th 906, 911 [where the defendant's custody is solely presentence on all charges and he is simultaneously sentenced on all charges to concurrent terms, presentence custody credits must apply to all charges].)

As nearly as we can tell from the record, the trial court relied solely on probation department calculations that were inapplicable given the aggregate sentence the court imposed. As noted above, however, the record on appeal does not include any minute order or reporter's transcript for the March 4, 2024 hearing. The only information about that hearing appears in the probation report, which indicates Romayor was remanded in

8

case No. 24CR001830 on that date. Absent a complete record, we will remand the matter to the trial court for the recalculation of custody credits.

Finally, both parties contend the abstract of judgment incorrectly recorded the date sentenced was pronounced. The parties are correct: The abstract of judgment incorrectly recorded the date sentence was pronounced as April 2, 2024, but the trial court pronounced sentence at the April 30, 2024 hearing. We will order the trial court on remand to correct the abstract of judgment accordingly.

### III.    DISPOSITION

The judgment is reversed, and the matter is remanded for the limited purposes of correcting the abstract of judgment, and recalculating custody credits in case No. 23CR002698 and case No. 24CR000166. The abstract of judgment shall be corrected to reflect the recalculation of custody credits, and to reflect that sentence was pronounced on April 30, 2024. The Clerk of the Monterey County Superior Court shall send a copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

_____

Greenwood, P. J.

WE CONCUR:



_____

Danner, J.



_____

Bromberg, J.



H052178 People v. Romayor