Filed 6/10/26  P. v. Inman CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085348 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE416826) |
| MICHAEL WAYNE INMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego, Daniel G. Lamborn, Judge.  Affirmed in part and remanded with directions.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Senior Assistant Attorney General, Eric A. Swenson, Supervising Deputy Attorney General and Tyler L. Krentz, Deputy Attorney General, for Plaintiff and Respondent.

A jury convicted Michael Wayne Inman of sexual penetration by foreign object of a person under the age of 18 (Pen. Code,[1] § 289, subd. (h); count 1), oral copulation of a person under age 18 (§ 287, subd. (b)(1); count 2), possession of matter depicting a person under age 18 engaged in sexual conduct (§ 311.11, subd. (a); count 6), and employment of a minor to perform prohibited acts (§ 311.4, subd. (c); count 7).[2]  Inman waived a jury trial on the prior convictions and aggravating factor allegations, and admitted he had been previously convicted of three felonies: two 1978 convictions of assault with intent to commit rape (§ 220) with a section 12022.7 allegation, and a 2005 conviction for committing a lewd act on a child (§ 288, subd. (a)).  The trial court eventually found two of the prior convictions constituted serious felonies and strikes under sections 667, subdivision (a)(1), 667, subdivisions (b) through (i), 1170.12, and 1192.7, subdivision (c).  In addition to the 25-year-to-life sentence on count 1, the court sentenced Inman on that count to a consecutive 10 years from two five-year prior serious felony conviction enhancements (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)).  It sentenced Inman to concurrent 25-year-to-life sentences on counts 2, 6, and 7.

Inman's sole contention is that none of his present convictions are serious felonies under section 1192.7, subdivision (c), requiring that we strike the two section 667, subdivision (a)(1) five-year prior serious felony enhancements.  The People concede imposition of the enhancements was unauthorized.  We agree and remand for resentencing with directions that the trial court strike the two five-year prior serious felony enhancements and resentence Inman.

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Counts 3, 4 and 5 were charged solely against Inman's codefendant, Lawrence Henning Cantrell.

## FACTUAL AND PROCEDURAL BACKGROUND

We need not recite the facts in detail. It suffices to say that Inman, who was then 70 years old, met a 16-year-old girl and agreed to pay her $250 to perform sex acts with himself and a friend. He took the girl to a motel where he digitally penetrated her and orally copulated her, filming it on his cell phone. In 2013, Inman had approached a different 16-year-old girl, followed her, and tried to grab her hand. That girl then saw he was touching his exposed penis.

In its sentencing memorandum, the People conceded that "[i]n the present case, [Inman] was not charged nor convicted of a third serious or violent felony." They argued that as a result, he normally would be sentenced as a second strike offender under section 667, subdivision (e)(1) or section 1170.12, subdivision (c)(1). However, they argued Inman fell within exceptions (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C)), allowing the court to sentence him as if he was a third-strike offender, namely one of his current offenses was a felony that required Inman to register as a sex offender under section 290.1, and additionally, Inman's prior convictions for violating section 220 constituted "sexually violent offenses" under Welfare and Institutions Code section 6600, subdivision (b). The People asked the court to sentence Inman to a total term of "10 + 25-years-to-life." The prosecutor did not make any specific arguments concerning the additional 10-year term.

The trial court found Inman fell "within the spirit" of the "Three Strikes" law, and declined to strike any of his prior strike convictions. In addition to his 25-year-to-life sentence, it imposed two five-year enhancements under sections 667, subdivision (a)(1), 668 and 1192.7, subdivision (c).

DISCUSSION

"The 'Three Strikes' law is a sentencing scheme that requires a court to double or sometimes triple the punishment for a felony offense if the defendant was previously convicted of a crime that qualifies as a 'serious' or 'violent' felony. . . . The 'serious' or 'violent' felonies that trigger this sentencing scheme, commonly referred to as 'strikes' or 'strike priors,' are enumerated by statute. . . . If a defendant's current offense is a serious felony, the defendant is also subject to a five-year prior serious felony enhancement—a so-called 'nickel prior'—in addition to any strike." (*People v. Fletcher* (2025) 18 Cal.5th 576, 582; see *People v. Thomas* (1999) 21 Cal.4th 1122, 1129, *People v. Arnett* (2006) 139 Cal.App.4th 1609, 1613.)

The statute authorizing the prior serious felony enhancement is section 667, subdivision (a)(1). It provides that "[a] person *convicted of a serious felony* who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." (Italics added.) The statute further provides that a " 'serious felony' means a serious felony listed in subdivision (c) of [s]ection 1192.7." (§ 667, subd. (a)(4).) Section 1192.7, subdivision (c) identifies 42 offenses as serious felonies, including "any felony punishable by death or imprisonment in the state prison for life." (§ 1192.7, subd. (c)(7).) For an offense falling within the enumerated list without any change in elements since the conviction, "the question whether that conviction qualifies as a serious felony is entirely legal." (*People v. Kelii* (1999) 21 Cal.4th 452, 456 [discussing prior convictions].) But if there is a factual question of whether conduct underlying the crime qualifies the offense as a serious felony, any such facts must be tried to the same factfinder that decided the defendant's

4

guilt of the charged crime. (§ 969f, subd. (a) ["If the defendant pleads not guilty to the offense charged in any count which alleges that the defendant committed a serious felony, the question whether or not the defendant committed a serious felony as alleged shall be tried by the court or jury which tries the issue upon the plea of not guilty"].)

Here, as the People concede, none of Inman's convictions are listed in section 1192.7, subdivision (c).[3] And, while Inman received a life sentence because he was a third-strike offender, the People correctly point out that the section 1192.7, subdivision (c)(7) category requires that the offense be "*itself* punishable by life imprisonment" (see *People v. Thomas*, *supra*, 21 Cal.4th at p. 1130, italics added) without regard to application of the Three Strikes law based on defendant's status as a recidivist. (*Id*. at p. 1130.) The California Supreme Court in *Thomas* dealt with section 667.5, subdivision (c)(7), which similarly specifies that " 'violent felon[ies]' " include "[a]ny felony punishable by death or imprisonment in the state prison for life." In undertaking its analysis, it noted the parallel language of section 1192.7, subdivision (c)(7). (*Id*. at p. 1128 ["If we were to interpret section 667.5[, subdivision] (c)(7) to mean a third strike defendant falls within its purview because of his life sentence, not because of the underlying offense, a similar interpretation would necessarily obtain for section 1192.7[, subdivision] (c)(7)].) In the context of calculating conduct credits, *Thomas* explained that " [i]f a third strike were automatically considered a "serious" felony by virtue of the fact it

---

3     Both sections 287, subdivision (b)(1) and 289, subdivision (h) provide for a punishment of imprisonment in the state prison or in a county jail for a period of not more than one year. Section 311.4, subdivision (c) provides that the offense is a felony. Section 311.11, subdivision (a)(1) provides for a penalty of "imprisonment in the state prison, or a county jail for up to one year, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both the fine and imprisonment."

carries a life sentence, the [section 667, subdivision (a)(1)] five-year enhancement would be imposed in every third strike case involving a prior serious felony conviction regardless of what offense constituted the third strike.' . . . We have held otherwise." (*Id.* at p. 1129.)

More recently, the court in *People v. Hernandez* (2017) 10 Cal.App.5th 192, relying on *People v. Thomas*, *supra,* 21 Cal.4th 1122, reached a similar conclusion when construing the phrase "offense punishable in California by life imprisonment or death" of Proposition 36 (§ 667, sub. (e)(2)(C)(iv)(VIII)), which disqualifies certain defendants from Three Strikes law reforms where " '[t]he defendant suffered a prior serious and/or violent felony conviction' for one of the 'felonies' listed in section 667, subdivision (e)(2)(C)(iv), which include '[a]ny serious and/or violent felony offense punishable in California by life imprisonment or death' (*id.* subd. (e)(2)(C)(iv)(VIII))." (*Hernandez*, at p. 198.) The Court of Appeal in *Hernandez* was guided in part by *Thomas*'s reasoning (*Hernandez*, at pp. 201-202) to hold that the determination of whether an offense qualifies as a "super strike" depends on the nature of the offense, not the effect of other prior convictions on the defendant's sentence: *Thomas* lent support for *Hernandez*'s conclusion "that the phrase 'offense punishable in California by life imprisonment or death' (§ 667, subd. (e)(2)(C)(iv)(VIII)) means an offense that itself has an associated statutory punishment of life imprisonment or death, not an offense such as robbery, which has an associated statutory punishment of two, three, or five years. An offense such as robbery is not converted to an 'offense punishable in California by life imprisonment or death' (§ 667, subd. (e)(2)(C)(iv)(VIII)) by virtue of the fact that the particular offender has two prior serious or violent felony convictions." (*Hernandez*, at p. 202; see also *People v. Harrison* (2025)

6

116 Cal.App.5th 1145, 1159 [holding *Hernandez*'s reasoning sound and reaching the same conclusion about similar language in section 1170.91].)

Because Inman was not convicted of a serious felony in this case, the two five-year prior serious felony enhancements are not authorized and must be stricken. We have authority to correct a sentence that is not authorized by law. (*People v. Choyce* (2025) 18 Cal.5th 86, 128; *People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13.) But "when an error affects part of a sentence, the case must be remanded for a full resentencing hearing as to all counts to permit a trial court to exercise its sentencing discretion in light of the changed circumstances." (*People v. Shaw* (2020) 56 Cal.App.5th 582, 588-589, citing *People v. Buycks* (2018) 5 Cal.5th 857, 893.) We thus remand for resentencing as stated below.

DISPOSITION

The matter is remanded for resentencing, during which the trial court is directed to strike both five-year prior serious felony enhancements imposed under section 667, subdivision (a)(1). Upon resentencing, the clerk of the superior court shall prepare an amended abstract of judgment and is directed to forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


O'ROURKE, Acting P. J.

WE CONCUR:


DATO, J.


RUBIN, J.

8